HIRAM SHIELDS v. COMMISSIONERS SHAWNEE COUNTY.    | 5  589|
                                                    | 41 583

*Error from Shawnee County.*

1. COSTS: CRIM, EXAMINATIONS.—When in a prosecution of any person before a justice of the peace, for an offense less than felony, such person shall have been discharged "for want of sufficient evidence to convict or bind over: *Held*, that it is error to tax the costs in such case to the county.

2. ID: PROSECUTING WITNESS.—*Held*, that the prosecuting witness is liable for such costs, and it is the duty of the justice to tax them accordingly.*

This action was brought in the district court of Shawnee county by the plaintiff in error, a constable of a township of Shawnee county, against the commissioners thereof to recover his fees for services as such constable, rendered in an examination before a justice, of a person charged with crime, in which proceeding the person so charged was discharged "for want of evidence to convict or bind over." It appears that neither the prosecuting witness nor the defendant in that proceeding was adjudged to pay the cost. The judgment in the action at bar, rendered by the district court, was for the defendants, and to reverse that the case is brought here.

*Ross Burns*, for plaintiff in error.

*Thos. Ryan*, for defendants in error.

---

* STATUTORY CONSTRUCTION: COSTS.—Section 18, article 3, chapter 83, General Statutes, providing for committing prosecuting witnesses for non-payment of costs in criminal prosecutions brought without probable cause, only enlarges the powers given in section 13, chapter 39, General Statutes, relating to the fees of justices, etc.

*For plaintiff, Burns* contended:

1. Section nineteen, General Statutes, chapter thirty-nine, [*p.* 484,] provides that when the sheriff or clerk are not otherwise paid their fees, the county is liable. Section one hundred and six, chapter twenty-five, [*id.*, 279,] makes it the duty of the sheriff to execute all process to him directed by the lawful authority, and section nineteen, chapter eighty-three, [*id.*, 882,] authorizes him to perform the same duties performed by plaintiff in error as constable. As the sheriff could collect the costs from the county, so ought a constable for precisely the same services. The constable takes the place of the sheriff as to responsibilities and burdens, and ought to reap a similar reward.

2. Section twenty-seven, chapter eighty-three, [*id.*, 884,] providing what costs the county shall not be liable for, is confined to cases in which the defendant or complaining witnesses shall be adjudged to pay them. That is not this case, for no judgment for costs was rendered against either.

*Ryan, for defendants,* maintained:

1. The county, not being a party to a criminal action before the justice, is not liable for costs unless some statute makes it so. Whether the prosecuting witness is liable or not does not concern the county.

2. Any provision made in favor of one officer, as sheriff or clerk, cannot avail any other officer.

3. The statute, in cases like the one in question, where the defendant in a criminal proceeding is discharged, fixes the liability for costs and charges thereon upon the complaining witness, thus by necessary implication, in absence of other statutory provision, showing the county to be not liable.

*By the Court*, SAFFORD, J.

We think that section thirteen of chapter thir-

COSTS: WHEN
Prosecuting
Witness Liable
for.

ty-nine, General Statutes, 1868, is decisive of the question raised in this case. It is there provided relative to costs in criminal proceedings before justices of the peace, that "where any person charged with an offense less than a felony shall be discharged for want of sufficient evidence to convict or bind over, *the prosecuting witness shall be liable for costs*." The record before us shows just such a case as was intended to be covered by this provision, and hence it follows that under it the justice before whom such case was tried ought to have adjudged that the prosecuting witness should pay the costs, when he found, upon due examination, that no case had been made out against the party charged with the commission of a misdemeanor.

It follows, also, that the taxing up of the costs

COUNTIES NOT
Liable for.

against the county was clearly wrong. We have not been referred to any section of the statute, nor do we know of any, the effect of which would be to interfere with, or to change in the least the rule as above quoted, in its application to ordinary cases. There is, however, another section of the statute which gives increased power to justices in certain cases, when a person charged with crime has been by them discharged for want of sufficient evidence, and it is found that the prosecution was malicious, or instituted by the complainant without probable cause, it is provided that the justice shall not only enter judgment against the complainant for all the costs, but that he shall commit such complainant to jail until such costs be paid, unless such payment be secured, etc. [*Sec.* 18, *Art.* 3, *Chap.* 83, *Gen. Stat.*] It will be seen that this section does not attempt to change the

rule first above referred to, in any case to which either may be applicable. It only provides for a more prompt, effectual and certain way to the enforcement thereof— in certain cases. But we are referred to section nineteen of said chapter thirty-nine, as having some bearing upon this case, when considered in connection with section 106, page 279, and section 19. [*P.* 882, *Gen. Stat.*] The argument drawn from these sources is, perhaps, an ingenious one, but it is not entitled to much weight; and especially so, for the reason that the facts in this case are not at all such as they must be to fit the provisions of said section nineteen of chapter thirty-nine. Here there has been no attempt to collect the costs in question from the "defendant or the prosecuting witness," nor has there been any effort to show that such costs could not be collected from any other source than the county.

We are of the opinion that the judgment of the district court in the premises was correct.

Judgment affirmed.

All the justices concurring.