JOHN T. LITTLE *et al.* v. WILLIAM M. EVANS.

COSTS—*Void Judgment against Prosecuting Witness.* A judgment rendered by a justice of the peace in a case of misdemeanor against the prosecuting witness for costs, where no finding has been made that the prosecution was instituted by the prosecuting witness without probable cause, or without reasonable grounds, or from malicious motives, is void.

*Error from Johnson District Court.*

THIS was an action brought by *William M. Evans* against *John T. Little,* C. Dwyer, John Jackson and W. P. K. Hedrick, to perpetually enjoin the defendants from collecting and enforcing a certain judgment previously rendered by a justice of the peace of Johnson county against the plaintiff, Evans. The petition of the plaintiff, omitting caption and signatures, reads as follows:

"Now comes the plaintiff herein, and for his cause of action against the above-named defendants, says: That heretofore, to wit, on the —— day of April, 1886, he filed a complaint in the justice's court of the defendant, C. Dwyer, duly qualified and acting justice of the peace in Spring Hill township, Johnson county, Kansas, against one Henry Avery, charging him with the crime of gambling; that the trial of said Avery came on for hearing upon said complaint in the court of C. Dwyer, in said township, on April 24, 1886, and the jury impaneled to try said cause; after the cause was submitted to them, and after they had retired to deliberate upon their verdict, they were allowed to separate, and did separate for the space of about one hour, not being then in the charge of any bailiff whatever; that after coming together again, and deliberating again for about three or four hours, the jury impaneled in said cause were again allowed to separate, and did separate, and did go to their homes, and remained until April 26, 1886, none of said jurors being at that time, nor any of the time between April 24 and the time of their coming together again on said April 26, under the charge of any bailiff; that said jury, on April 26, 1886, after deliberating some time, returned into court with their verdict of 'not guilty,' and made no other or further finding. That said Dwyer adjourned his

said court from April 24, 1886, at 12 midnight, until April 26, 1886, at 9 o'clock A. M., being the day on which said verdict of 'not guilty' was received; that thereupon the defendant, Henry Avery, was discharged from custody.

"Plaintiff says there was no continuance of said cause on April 26, 1886, nor at any other time thereafter, by said Justice Dwyer.

"Plaintiff further says that on April 30, 1886, the court pretended to enter up judgment in said cause in the following words:

"'It is therefore considered and adjudged that the prosecuting witness Wm. M. Evans pay the costs of this case, taxed at $131.20, and that execution be issued on said Wm. M. Evans to satisfy said costs in said case.                                          C. DWYER, J. P.'

"Plaintiff further says that thereafter, on the 20th day of May, 1886, the said Little, Dwyer and Jackson caused a so-called abstract of a judgment in said entitled cause to be filed in the district court, in the following words and figures:

"'STATE OF KANSAS, Plaintiff, v. HENRY AVERY, Defendant.—*In Justice's Court, before Caleb Dwyer, a Justice of the Peace in and for Spring Hill Township, Johnson County, Kansas.*—This thirtieth day of April, 1886, judgment entered for plaintiff: Debt—costs, $137\frac{25}{100}$ dollars.

"'It is therefore considered and adjudged that the prosecuting witness, Wm. M.Evans, pay the costs of this case herein, taxed at $137.25.

"'I hereby certify that the foregoing is a full and correct abstract of a judgment rendered by me in the suit above entitled.

"'CALEB DWYER, *Justice of the Peace.*
"'Indorsed: Filed May 20, 1886.          .          C. E. CARESS, *Clerk.*'

"Plaintiff says that on the same day on which the transcript above set forth was filed, the said defendants, Little, Dwyer and Jackson, caused an execution to be issued out of said district court, and directed to the sheriff of Johnson county, Kansas, commanding him to make said sum of $137.25 out of the goods and property of this defendant.

"Plaintiff says that a large portion of said costs for which said pretended judgment was issued was taxed up in favor of defendant Little, as county attorney, when in fact said Little did not draw the complaint in said case of State of Kansas v. Avery, nor did he perform any services whatever in said case; that another portion of said costs is taxed in favor of C. Dwyer, defendant, as justice of the peace, and another portion of said costs was taxed in favor of defendant Jackson, as constable in said cause.

"Plaintiff says that defendant Hedrick, as sheriff, and his co-defendants, are about to collect said pretended judgment from this plaintiff, and to cause him great damage.

"Wherefore, plaintiff prays that said defendants may be enjoined from collecting said judgment, and for all other and further relief as shall in equity seem proper to the court."

The defendants answered, setting up some new and additional facts not necessary to be stated herein. Upon these pleadings the case was tried before the court without a jury, at the November term, 1886, and the court found generally in favor of the plaintiff and against the defendants, and found that the aforesaid judgment of the justice of the peace was void, and rendered judgment accordingly, granting to the plaintiff a perpetual injunction against the defendants, enjoining them forever from collecting or enforcing the aforesaid judgment of the justice of the peace; and to reverse this judgment of the district court, the defendants, as plaintiffs in error, bring the case to this court.

*John T. Little,* and *Sam. T. Seaton,* for plaintiffs in error.

*J. W. Parker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is one with reference to the validity or invalidity of a certain judgment rendered in a case of misdemeanor by a justice of the peace of Johnson county against William M. Evans, the defendant in error, who was the prosecuting witness in that case. Evans claims that such judgment is void for the reason among others that justices of the peace in cases like the present have no power under the laws of Kansas to render a judgment against the prosecuting witness. There is no pretense that the judgment in this case was rendered under § 326 of the criminal code, or under § 18 of the act relating to the jurisdiction and procedure before justices of the peace in cases of misdemeanor, or that any such judgment could have been rendered in this case under such sections; and this for the reason, as we suppose, that there was no finding made in the case, and could not have been under the real facts of the case; that the aforesaid prosecution was instituted without probable

cause or from malicious motives—an essential thing to be brought about in order to authorize a judgment to be rendered against the prosecuting witness under the aforesaid sections. The only finding' that was made in this case was that contained in the general verdict of the jury that *the defendant* in the misdemeanor case, *Henry Avery,* was "*not guilty;*" and the judgment that was rendered in the case was one rendered by the justice of the peace discharging the defendant, Avery, and the one rendered by the justice of the peace against Evans, the prosecuting witness, which reads as follows:

"It is therefore considered and adjudged that the prosecuting witness, Wm. M. Evans, pay the costs of this case herein, taxed at $137.25, and that an execution be issued on said Wm. M. Evans to satisfy said costs in said case."

This judgment was undoubtedly rendered under § 13 of chapter 39 of the General Statutes of 1868 as amended by § 1 of chapter 127 of the Laws of 1885. (Comp. Laws of 1885, p. 442.) The original title to the act of 1868, published as chapter 39 of the General Statutes of 1868, reads as follows: "An act fixing the fees of certain officers and persons therein named." The title to the act of 1885, published as chapter 127 of the Laws of 1885, reads as follows: "An act relating to fees in justices' courts, and amendatory of § 13 of chapter thirty-nine of the General Statutes of eighteen hundred and sixty-eight." Section 13 of said chapter 39, as amended by chapter 127 of the Laws of 1885, reads as follows:

"Section 13. Justices of the peace shall receive the following fees: [here follows a list of justices' fees, and of justices' fees only.] *Provided,* That in all cases where any person shall be arrested, charged with felony, and the court shall decide that there were not reasonable grounds for such arrest, and when any person charged with an offense less than a felony shall be discharged for want of sufficient evidence to convict or bind over, the prosecuting witness shall be liable for costs."

It will be seen from an inspection of the above § 13, that no authority is given by it to any court to render a judgment against the prosecuting witness. In this respect this section

is unlike §§ 326 and 18 above referred to, for these two sections expressly give such authority. And surely unless the authority is given either expressly or by the clearest of implications, it should not be held as having any existence. Avery was tried twice in the present misdemeanor case. On the first trial the jury disagreed, and on the second trial the verdict was only that the defendant was not guilty, and there was not only no finding or decision on either trial by either the court or the jury that the prosecution was instituted by the prosecuting witness without probable cause, or without reasonable grounds, or from malicious motives, but the failure on the part of the jury on the first trial to agree upon a verdict would indicate that there might have been at least some reasonable grounds for believing that the defendant was guilty; and even the second jury did not readily agree. Section 13, above referred to, merely enacts that where the evidence in a misdemeanor case is not sufficient to convict, the prosecuting witness "shall be liable for costs," and it does not give any power or authority to any court to render a judgment in the same case or indeed in any case against the prosecuting witness. The power, if any exists, must be sought for elsewhere. Section 13 merely renders the prosecuting witness "liable for costs" where the evidence is not sufficient to convict. It might possibly be proper, in a proper case coming under that section, for the justice of the peace trying the case to state that the prosecuting witness is liable for costs, but the justice should not go further and render such a judgment for costs against the prosecuting witness as could be enforced against him by an ordinary execution. There are many statutes making officers and others "liable" under particular circumstances, but where the statute only makes the officer or other person "liable" and does not specifically and expressly authorize a judgment to be rendered against him upon the happening of such liability, we do not think that any judgment could properly be rendered against him because of such liability except in an action regularly brought against him to enforce the liability by the persons in favor of whom the lia-

bility should exist.　No statute authorizes a judgment to be rendered against the prosecuting witness under the aforesaid §13.

The cases of *Shields v. Shawnee County*, 5 Kas. 589, and *The State v. McGillvray*, 21 id. 680, are referred to as asserting a contrary doctrine.　Now all that was decided or could have been decided in the first case was that *the county of Shawnee was not liable for costs*, and the second case purports merely to follow that case.　Whatever is said in those two cases contrary to the views herein expressed, if any such thing is in fact said, is hereby overruled.

The court below held that the judgment of the justice of the peace against the prosecuting witness for costs was void, and the judgment of the court below will be affirmed.

All the Justices concurring.