## HENRY ORCHARD v. G. D. OSBORN.

CRIMINAL CASE—*Void Judgment for Costs against Prosecuting Witness.* A justice of the peace has no power in a criminal case to render a judgment against the prosecuting witness for costs, unless a finding has first been made that the prosecution has been instituted by the prosecuting witness without probable cause, or without reasonable grounds, or from malicious motives.

*Error from Marshall District Court.*

THE opinion states the case.

*John V. Coon,* and *S. D. McKee,* for plaintiff in error.

*W. J. Gregg,* and *E. A. Berry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On February 28, 1887, Henry Orchard, as prosecuting witness, commenced a criminal action before a justice of the peace of Marshall county against Fred Martin, charging Martin with unlawfully committing an assault and battery upon Orchard. Afterward a trial was had before the justice of the peace and a jury, and the jury failing to agree, they were discharged. Afterward another trial was had before the justice and a jury, and the jury returned a verdict finding the defendant, Fred Martin, not guilty, and the defendant was discharged; and without any other or further finding by either the justice of the peace or the jury, the justice rendered a judgment against Orchard for the costs of suit. Afterward the justice issued an execution against the property of Orchard, and placed the same in the hands of G. D. Osborn, a constable of the township, for collection, and Osborn as such constable levied such execution upon certain property belonging to Orchard; and Orchard then commenced this action in the district court against Osborn to enjoin and restrain Osborn from collecting or enforcing such execution, and also for damages. The action was commenced upon the theory that the aforesaid judgment of the justice of the peace was absolutely

Dillon v. Burnham.

void, and of no effect.    A trial was had in the district court, before the court without a jury, and the court upon the aforesaid facts rendered judgment in favor of the defendant and against the plaintiff; and the plaintiff, as plaintiff in error, brings the case to this court for review.

Upon the authority of the decisions made by this court in the cases of *Little v. Evans*, 41 Kas. 578, same case, 21 Pac. Rep. 630, and *Foss v. Jones*, just decided, the judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.