### HANNUM *v.* RICHARDSON.

*Implied Warranty on Sale of Promissory Note.    Pleading. Practice.*

Indorsee sold a negotiable promissory note, and indorsed it without recourse. *Held*, an implied warranty that the note was valid.

When the declaration counts upon an express warranty, and one is not proved, but an implied warranty is raised, of the same legal effect as the express warranty declared upon, it is well.

The decision of the County Court refusing to set aside a verdict as against evidence, is conclusive, and will not be revised on exceptions.

ASSUMPSIT for false warranty of a promissory note. Plea, the general issue, and trial by jury, December Term, 1874, BARRETT, J., presiding.

Said note was for $58, dated Aug. 6, 1870, payable to the order of one McIntosh & Co. 30 days after date, signed by one Lincoln, indorsed by the payees to defendant, and by defendant to plaintiff without recourse to the payees or the defendant.

Plaintiff gave evidence that he bought said note of defendant on Jan. 26, 1873, and gave valuable consideration therefor, which was not denied; that defendant warranted the note valid, and not subject to defence by the maker; that when defendant indorsed the note without recourse, plaintiff asked him if that would have any effect to vary his agreement as to the validity of the note, and that defendant said it would not, but would only show that he was not liable for the maker's pecuniary responsibility; that relying upon defendant's statement, and supposing it to be true, plaintiff took the note; that plaintiff subsequently ascertained that the note was given for intoxicating liquor sold in this state in violation of law, and consequently void, and that defendant knew it was so given when he negotiated it to plaintiff.

Defendant denied the warranty, and insisted that his indorsement disclosed the true contract between him and the plaintiff. Defendant claimed that the legal effect of his indorsement could not be varied by parol evidence; but the court held that the evidence was admissible to show the understanding and intention of the parties as to the operation and effect of the indorsement—that the indorsement was not conclusive of its legal effect in such sense as to exclude evidence *aliunde;* to which defendant excepted. The court submitted to the jury to find whether defendant warranted the note valid. Verdict for plaintiff. Defendant filed a motion in arrest of judgment, which was overruled, and he excepted. He also filed a motion to set aside the verdict as against evidence, which was overruled after hearing, to which he excepted.

*J. F. Deane* and *M. P. Sawyer*, for defendant.

*Walker & Goddard*, for plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. It may be observed in the outset, that this action is not brought by the plaintiff as the indorsee of the note referred to against the defendant as the indorser, and the action is not based upon the indorsement, but is brought upon an alleged

warranty by the defendant that the note was a valid and binding note, based upon a valid and lawful consideration, when in fact it was given for an illegal consideration, and was at its inception void. On trial the plaintiff introduced evidence in support of his declaration. After the evidence was in, the defendant insisted that as it appeared from the note that it was indorsed by the defendant " without recourse," the legal effect of the indorsement could not be varied or controlled by evidence outside of the indorsement itself—that the same was conclusive in that respect ; but the court held that such indorsement was not of itself conclusive of its legal effect in such sense as to exclude the evidence *aliunde ;* and submitted the case to the jury in accordance with such ruling, and it is upon this decision and the charge of the court in respect to it, that the only question that has been raised and discussed by the defendant's counsel arises.

What would have been the effect of this objection if the action had been based upon the indorsement, it is not necessary now to inquire. By indorsing the note " without recourse," the defendant refused to assume the responsibility and liability which the law attaches to an unqualified indorsement, so that in respect to such liability, it may perhaps be regarded as standing without an indorsement. If it be so regarded, then in what position do these parties stand in respect to the transaction ? The principle is well settled, that where personal property of any kind is sold, there is on the part of the seller an implied warranty that he has title to the property, and that *it is what it purports to be,* and is that for which it was sold, as understood by the parties at the time ; and in such case, knowledge on the part of the seller is not necessary to his liability. The implied warranty is, in this respect, like an express warranty, the *scienter* need not be alleged or proved. Edwards, in his work on Bills and Promissory Notes, 188, says : "One who transfers a negotiable instrument by delivery or by indorsement, impliedly guarantees that it is genuine, and that he has title to it. The rule is the same in regard to personal property. The vendor of a chattel always gives an implied warranty of the title. 15 Johns. 240 ; 6 Cow. 484 ; 4 Duer, (N. Y.) 191 ; 6 Johns. 5. Though the indorser transfers

the note upon condition that it is to be collected at the risk of the indorsee, he is, nevertheless, responsible if the note proves to be a forgery." Edwards, 289.

In this case the note in question was given for intoxicating liquor sold in this state in violation of law, and therefore was void at its inception ; in short, it was not a note, it was not what it imported to be, or what it was sold and purchased for ; it is of no more effect than if it had been a blank piece of paper for which the plaintiff had paid his fifty dollars. In this view of the case we think the defendant is liable upon a warranty that the thing sold was a valid note of hand.

The plaintiff has declared as upon an express warranty. If he could prove one, very well ; if he could not, the implied warranty is just as available to him, the declaration being according to its legal effect.

This view of the case relieves it from all embarrassment growing out of the question as to the admissibility of parol testimony to vary the indorsement, as the effect of the indorsement is really not involved in the case. And the ruling and charge of the court were really more favorable to the defendant than he had the right to ask.

The exceptions to the overruling of the motion in arrest were waived. The exceptions to the refusal to set aside the verdict as against the evidence, this court refuses to hear, the decision of the County Court being conclusive in such cases.

Judgment affirmed.