SCHOOL DISTRICT NO. 73, MARION COUNTY, v. WILLIAM
H. DUDLEY.

1. BILL OF PARTICULARS, *Amendment of, Not Material Error.* An action
was brought against a school district upon a warrant. The bill of par-
ticulars simply alleged the issue of the warrant and its assignment to
plaintiff. On the trial in the district court the inquiry extended to the
whole matter of the indebtedness out of which the warrant arose, and
which it was intended to evidence; but at whose instance these facts were
shown the record is silent, the testimony not being preserved. The
district court found the facts specially showing the indebtedness, but
held that the warrant was invalid, and on an application of plaintiff,
permitted an amendment of the bill of particulars so as to allege the in-
debtedness as well as the issue of the warrant and assignment to plain-
tiff. *Held,* In view of the discretion vested in trial courts in the matter
of amendments, the presumption in favor of its rulings, and the fact that
substantial justice between the parties seems to have been done, that the
judgment ought not to be reversed on account of the amendment.

2. WARRANT; *Effect of Assignment.* Where a school district is indebted to
a party, and issues to him a warrant therefor, an assignment of such war-
ranty operates as an equitable transfer of the indebtedness, and this not-
withstanding from some technical omission the warrant itself is invalid.

*Error from Marion District Court.*

AT the April Term, 1881, of the district court, plaintiff
*Dudley* had judgment against the defendant *School District No.
73,* in Marion county, which brings the case here. The facts
appear in the opinion.

*C. Reed,* for plaintiff in error.

*L. F. Keller,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error (plaintiff below) com-
menced his action before a justice of the peace to recover on
a school warrant issued by defendant. The bill of particu-
lars simply set out a copy of the warrant, alleged its execution
by the defendant, and an assignment to the plaintiff. The
case was appealed to the district court, and there tried by the

court without a jury.   Findings of fact and conclusions of law were made.   Thereupon the court gave leave to the plaintiff to amend his bill of particulars, which was done, and judgment entered in favor of the plaintiff.   The testimony is not preserved.   In reference to the findings, amendment and judgment, the record recites as follows:

"The court finds from the evidence in said cause the following facts, which are all the facts found:

"1.  That on the —— day of August, 1878, at an election held in said district, a majority of the qualified electors of said district voted to authorize the district board to issue the bonds of said district in a sum not exceeding eight hundred dollars, for the purpose of building a school house in said district.

"2.  That the district board of said district, after said election was held, found that the entire taxable property of said school district amounted to the sum of $8,500, and that under the limitation of five per cent. they could not legally issue bonds in excess of $425, which last-mentioned sum said school-district board did immediately thereafter issue, and realized from the sale of the same $425.

"3.  That said school-district board then made a contract with one John T. Groat to build said school house for the sum of $510, and agreed with said Groat to pay him the said $425 realized from the sale of said bonds, and to give him an order on the building fund of said district for the balance of the contract price, to wit, the sum of $85.

"4.  That at the annual meeting in August, 1878, said school district voted a tax for building fund of five mills on the dollar, and at the annual meeting in August, 1879, said district voted a tax for building fund of two and one-half mills, and at the annual meeting in August, 1880, said district voted a tax for building fund of one per cent.; that the levy for building purposes in 1878 produced the sum of forty dollars, the levy for building purposes in 1879 produced about $20, and the levy for building purposes in 1880 produced about $80.

"5.  That on November 23, 1878, the school board of said district issued and delivered to said Groat the warrant sued on in this action in payment of said balance of $85 due him on said contract for building said school house, as appears by said warrant.

11 — 28 KAS.

"6. That said Groat duly assigned said warrant to one R. M. Crane, and said R. M. Crane then and there duly assigned the same to the plaintiff.

"7. That school has been held in said school house, attended by the school children of the district prior to the commencement of this suit."

And the court also found as a conclusion of law in said cause the following, to wit:

"That said plaintiff cannot recover in this action upon the said warrant, but can only recover as upon a balance of account."

And thereupon said plaintiff, after the evidence was closed on the part of both of said parties, made and filed a motion for leave to amend his bill of particulars so as to conform to the facts proved, which motion being argued by counsel and considered by the court was by the court sustained; to which ruling of the court said defendant duly excepted. Thereupon the court made and found as a conclusion of law: .

"That the plaintiff is entitled to recover judgment against said defendant in said action, as assignee of said John T. Groat upon said balance of account for building said school house, in the sum of $85, with interest thereon from the 23d day of November, 1878, at 7 per cent. per annum, amounting in all to the sum of $100.40; and thereupon said defendant presented its motion for a new trial in said cause, which motion being argued by counsel and considered by the court, is by the court overruled; to which ruling of the court said defendant excepted.

"It is therefore considered by the court, that said plaintiff do have and recover judgment against said defendant, in the sum of $100.40, together with his costs taxed at $——."

The amended bill of particulars reads as follows:

"The said plaintiff complains of the said defendants, for that said defendant School District No. 73 was on the 23d day of November, 1878, indebted to said defendant John T. Groat in the sum of $85, for a balance of account due said Groat on a contract before that time made with said school district for building a school house. That to evidence said . indebtedness, said defendant school district made and delivered

the said John T. Groat its certain order upon its treasurer, of which the following is a copy:

No. 7.                                NOVEMBER 23, 1878.

*Treasurer of School District No. 73, County of Marion, Kansas:* Pay to John T. Groat, Dec. 1st, 1879, eighty-five dollars, for building school house, with interest at ten per cent. per annum from date, out of any funds in your possession raised or appropriated for such purposes.

E. J. GROAT, *District Clerk.*
I. H. BURGESSER, *Director.*

",The said balance of account, so as aforesaid due said Groat and evidenced by said order, was duly, for a valuable consideration, assigned by the said John T. Groat to one R. M. Crane, and was by said R. M. Crane duly assigned to the plaintiff by the following indorsements written upon said order: 'Pay to the order of R. M. Crane.—JOHN T. GROAT.' 'Pay to the order of Wm. H. Dudley.—R. M. CRANE.' And when by the terms of said order said account became due and payable, said defendant school district failed and neglected to pay said indebtedness, and still fails to pay the same; and there is now due the plaintiff from said defendants upon the said account and assignment thereof the said sum of $85, with interest thereon at rate of ten per cent. per annum from November 23d, 1878, for which sum plaintiff demands judgment against said defendant.      L. F. KELLER,
*Att'y for Pl'ff.*"

Two questions are presented: First, did the court err in permitting the amendment? and second, if not, was the plaintiff, upon the findings and amended bill of particulars, entitled to judgment? Notwithstanding the able and ingenious argument of counsel for plaintiff in error, we are constrained to think that the ruling of the district court must be sustained. It does not affirmatively appear why the district court held the warrant invalid, but probably by reason of § 39, ch. 92, Comp. Laws of 1879, which, upon the principle *expressio unius, exclusio alterius,* seems to forbid the drawing by the clerk of orders on the treasurer, except in cases where moneys are already in the hands of the treasurer to meet such order. Still, the amendment was only to conform the pleading to the facts proved. It is evident from the findings, although the testimony is not preserved, that the inquiry on the trial extended to all circumstances and

transactions out of which the debt evidenced by the warrant and the warrant itself arose. We are not advised, in the absence of the testimony, as to which party it was that introduced all this testimony. Presumably, as the warrant itself was *prima facie* evidence of indebtedness, this testimony came from the defendant. And the case, for the purpose of upholding the ruling of the district court, may be stated thus: A party, when sued upon its own instrument evidencing indebtedness, introduces testimony tending to show that the instrument as an instrument is invalid; but at the same time shows the existence of a valid debt for which the instrument was issued. Having shown that fact, an amendment is permitted so that the pleading alleges the indebtedness as well as the instrument by which it was evidenced. Under those circumstances, in view of the large discretion vested in the trial court, it cannot be held that any material error, any error working prejudice to the substantial rights of the defendant, has been shown. We had occasion, in the case of *Rld. Co. v. Salmon*, 14 Kas. 512, to consider at some length the power of the court in the matter of amendments, and the language of Mr. Justice VALENTINE in that case upon the general question of the court's power in this respect would be very apt and appropriate for this case. We are aware that the power of the court in the matter of amendments is not susceptible of such exact definition as makes an application of the rule to every case easy and clear. At the same time, it may be stated as a general proposition, that where the ruling of the trial court does not appear to have wrought any substantial error to the rights of either party, it will be sustained, and this notwithstanding that in such ruling there may be some deviation from technical accuracy and exactness. In this case we cannot see that plaintiff in error suffered any material injury, that it lost any substantial rights; and hence it would be sacrificing substance to mere form to reverse the judgment on account of this alleged error in the matter of amendment.

The ruling of the district court upon the second question

must also be sustained. The original bill of particulars simply counted on the school warrant. The amended bill of particulars sets forth, besides the warrant, the circumstances under which it was issued and the character of the debt which it was intended to evidence, and alleged that the debt so evidenced was duly assigned to the plaintiff; and whether the warrant which was issued as evidence of that indebtedness was invalid or not, the assignment of such warrant.operated equitably as a transfer of the indebtedness.

No other question is presented; therefore the ruling of the district court must be affirmed.

All the Justices concurring.