HENRY G. KAIL, *Appellee*, v. WILBER L. BELL, *Appellant*.

No. 17,803.

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Land—Payment in School Orders—Validity Guaranteed—Assignment "Without Recourse."* A written contract for the sale of land stipulated that the vendee should pay the price in school orders for school supplies. The validity of the orders was expressly guaranteed. When the contract was consummated by delivery of the deed to the land and delivery of the orders, an assignment to the vendor of the land was indorsed on each order, which specified that the assignment was without recourse. *Held*, the written guaranty of the validity of the orders was not abrogated.

2. ——— *Evidence Showed School Orders to be Invalid.* The evidence examined and held to be sufficient to establish the invalidity of the order sued on, for want of power in the school board to purchase the article ordered.

3. APPEAL—*Submission of Agreed Abstracts Commended.* The practice of filing abstracts agreed to by counsel for both sides commended.

Kaill v. Bell.

Appeal from Allen district court. Opinion filed February 8, 1913. Affirmed.

*E. G. Wilson,* of Oklahoma City, Okla., and *F. W. Casner,* of Kansas City, Mo., for the appellant.

*Cook & Gossett,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, Kaill, sold a tract of land to the defendant, Bell, and received in part payment of the price an order for the purchase of a book described as "Bell's Louisiana Portfolio" signed by the board of school directors of a parish in Louisiana. The order proved to be uncollectible, and Kaill sued Bell to recover the sum of money represented by it. The plaintiff recovered, and the defendant appeals.

The order was one of a number, aggregating $7500, delivered to the plaintiff pursuant to a written contract of sale wherein the defendant guaranteed that the orders were valid and were taken in the regular course of business. The contract provided that the plaintiff should have ten days' time in which to furnish an abstract of title to the land, and that the defendant should have ten days' time in which to examine the abstract. In due time the contract was consummated by a delivery of a deed to the land and delivery of the orders referred to. The contract did not specify the particular orders to be supplied, and the first time the plaintiff saw those which he accepted was when they were turned over to him in exchange for his deed. At that time the defendant, in the plaintiff's presence, placed the following indorsement upon each order, which he signed and then handed to the plaintiff, who blotted the signature:

"For value received, this account is assigned to Henry G. Kaill, without recourse."

The plaintiff examined the orders, observed the in-

dorsement, and knew the meaning of the words "without recourse," but nothing was said by either party respecting any change in the terms of the previous contract. The defendant contends that by virtue of the indorsement and its acceptance by the plaintiff a novation was accomplished, and that the defendant is relieved from his guaranty of validity.

There is nothing in the situation or conduct of the parties to indicate that an abrogation of the express contract of guaranty was mutually intended, and the insertion of the words "without recourse" in the instrument passing title does not have that effect. Those words have no precise legal signification outside the law of commercial paper, and unless it is manifest that they were intended to express a different meaning they must be given their ordinary effect, which is that the indorser assumes no contractual liability by virtue of the indorsement itself. Even in the case of commercial paper indorsed without recourse the vendor impliedly warrants that the instrument is a valid obligation of the kind it purports to be. The following authorities are sufficient to furnish a key to the law on the subject. (*Challiss v. McCrum,* 22 Kan. 157; *Drennan v. Bunn,* 124 Ill. 175, 16 N. E. 100; *Hannum v. Richardson,* 48 Vt. 508; *Meyer v. Richards,* 163 U. S. 385; *Gompertz v. Bartlett,* 2 Ell. & Bl. 849; *Gurney v. Womersley,* 4 Ell. & Bl. 132; 7 Cyc. 831; 2 Randolph on Commercial Paper, §§ 720, 756.)

In the case of *Hannum v. Richardson,* supra, a note given for intoxicating liquor sold contrary to law, and consequently void at its inception, was transferred by indorsement without recourse. The court said:

"By indorsing the note 'without recourse' the defendant refused to assume the responsibility and liability which the law attaches to an unqualified indorsement, so that in respect to such liability it may perhaps be regarded as standing without an indorsement. If it be so regarded, then in what position do these

parties stand in respect to the transaction? The principle is well settled, that where personal property of any kind is sold there is on the part of the seller an implied warranty that he has title to the property, and that it is what it purports to be, and is that for which it was sold, as understood by the parties at the time. . . . In this case the note in question was given for intoxicating liquor sold in this state in violation of law, and therefore was void at its inception; in short, it was not a note, it was not what it imported to be, or what it was sold and purchased for; it is of no more effect than if it had been a blank piece of paper for which the plaintiff had paid his fifty dollars. In this view of the case we think the defendant is liable upon a warranty that the thing sold was a valid note of hand." (pp. 510, 511.)

In this case the defendant contracted to deliver to the plaintiff school orders for school supplies, and if the instruments were not legal orders they failed to answer the description contained in the contract precisely as the instrument in *Hannum v. Richardson* failed to possess the character imported by its face. Such being the law, the greatest effect the restrictive words of the assignment could have would be to substitute an implied for an express warranty of validity, which of course was not a matter in the mind of either party.

The defendant argues that the law implies knowledge on the part of the plaintiff of any legal restrictions on the power of the school board to issue the orders, and consequently that the plaintiff took them for what they were worth. The contract shows, however, that the parties did not act with reference to such knowledge or deal upon the basis of a delivery of school orders, good or bad, in payment for the plaintiff's land.

There remains to be considered the question whether or not the order is invalid for want of power on the part of the board of school directors to purchase the portfolio.

The plaintiff brought suit on the particular order

in question in the proper court of the state of Louisiana and was defeated. Under the law of this state the judgment is *prima facie* evidence only in favor of the plaintiff, and the guarantor had the right to contest the claim that the order is invalid when sued in this state for the amount of money which it represents. In a suit in the circuit court of the United States for the district of Louisiana upon another order given by a different school board the plaintiff recovered. This judgment is not, of course, *res judicata,* and neither judgment is conclusive upon the courts of this state as an interpretation of the law of the state of Louisiana.

The statutory law of Louisiana governing the subject was agreed to. It provides for a state board of education which is given power to prepare rules, by-laws and regulations for the government of the public schools of the state, prescribe the studies which shall be taught therein, enforce strict uniformity of textbooks, and adopt a list thereof. Parish boards have power to procure school sites, erect school buildings, contract for outbuildings and enclosures, make repairs, and provide the necessary furniture, equipment and apparatus. No other provision of the laws of Louisiana either gives or denies power respecting the matter in controversy.

It is agreed that the article for which the order was given consisted of a large number of sheets, bound in book form, containing maps, historic data, descriptive, scientific and other educational matter, printed in words and figures, with indices and directions, and covered with a heavy, flexible binding. Included in the price for the article and sold with it was a wooden frame or rack for its support, mounted on an iron or steel tripod with legs and feet. The article is used for educational purposes, and in book form, but without the wooden frame and tripod, was exhibited in evidence in the district court. The secretary of the state board of

education of the state of Louisiana testified that he is custodian of the records of the board and that there is no record of the adoption of the portfolio. · The attorney-general of Louisiana testified that in his opinion the portfolio is embraced within the section of the act relating to the adoption of a list of textbooks by the state board.

The defendant argues that the portfolio falls within the provision of the law relating to necessary furniture, equipment and apparatus. The plaintiff contends that it is an educational book, supplemental to the usual textbooks, and that the school board had no more authority to purchase it than they would have to establish a reference library upon geographical, historical, scientific, and other subjects, to supplement the instruction afforded by the textbooks adopted by the state board. It is agreed by the parties that the signatures upon the order were genuine, that the officers signing it were duly elected and qualified, that the order was filled by a tender of the thing attempted to be purchased, and that the order and its assignment to the plaintiff were received in evidence in the Louisiana suit together with proof of tender of the thing ordered. This evidence was sufficient to warrant a recovery in the Louisiana court unless the law rendered the order invalid, and the judgment of the Louisiana court is some evidence that such is the case. The opinion of the attorney-general of Louisiana was properly received upon the subject and is to the same effect. The district court had the book before it and consequently was able to determine by actual examination whether or not it was fairly classifiable as school furniture, equipment or apparatus. The frame and tripod were mere incidental facilities to use and did not characterize the article itself. The questions of what the law of Louisiana is and of what the nature of the book is were questions of fact and the conclusion reached by the trial court is abundantly sustained. This court is all the more ready to approve

Kaill v. Bell.

the finding of the trial court because the defendant, who was duly notified of the suit in Louisiana and called upon, to defend the legality of the order according to his guaranty, could easily have procured an adjudication from the highest court of that state, which would have ended the controversy.

The plaintiff pleaded false representations respecting the character of the order but the proof comprehended nothing affording a basis of liability beyond the terms of the written guaranty. It is claimed that part of the proof respecting false representations ran counter to the rule forbidding the impeachment of written instruments embodying the result of oral negotiations. If so it is immaterial because the contract alone is ample to sustain the judgment. Both parties introduced some irrelevant oral evidence, but the trial was before the court without a jury and the presumption is that it was disregarded. There is nothing in the record to indicate the contrary, and in any event the agreed facts and the competent evidence recited above authorize the judgment which was rendered.

The court desires to express its appreciation of the agreed abstract submitted jointly by counsel for the respective parties, which very succinctly but very clearly and with perfect fairness sets forth those portions of the proceedings which are necessary to a full understanding of the questions presented for review. The practice is greatly to be commended.

The judgment of the district court is affirmed.