No. 27,566.

THE CITIZENS STATE BANK of El Dorado, *Appellee,* v. SCHOOL DISTRICT No. 115, in Butler County, *Appellant,* and A. H. MURPHY, *Appellee.*

(259 Pac. 796.)

SYLLABUS BY THE COURT.

1. SCHOOLS—*Debts and Liabilities—Unauthorized Benefits—Pleading.* Where an action is brought against a school district on a school-district warrant which is shown by the evidence to have been issued without being duly authorized by the board but was signed by the individual members of the board, recovery can be had for the indebtedness as an obligation of the board when that question is an issue under the pleadings in the case.

2. SAME—*Sufficiency of Evidence.* The evidence considered and held there was sufficient to support the finding and judgment of the trial court.

Appeal from Butler district court, division No. 2; GEORGE J. BENSON, judge. Opinion filed October 8, 1927. Affirmed.

*B. R. Leydig* and *K. M. Geddes,* both of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, for appellee The Citizens State Bank; *L. J. Bond,* of El Dorado, for appellee A. H. Murphy.

The opinion of the court was delivered by

HUTCHISON, J.: The Citizens State Bank, of El Dorado, as assignee of a school-district warrant, sued school district No. 115 in Butler county, which issued it, and one A. H. Murphy, the assignor, to recover the amount of such warrant when the district failed to pay it. The school district answered alleging the invalidity of the warrant because the issuance thereof had not been authorized by the district board at any legal meeting thereof; that the signatures thereto of the three officers were procured by misrepresentations to

Schools and School Districts, 35 Cyc. pp. 982 n. 96, 985 n. 33, 37 new.

the effect that it was to take the place of a former warrant for sub-
stantially the same amount that had been lost; and that there was no
liability or obligation on the part of the board to pay for either of
the items claimed by the plaintiff as the consideration for said war-
rant, because as to one item the assignor of plaintiff had agreed to
take the merchandise back and as to the other item there never was
any agreement to engage or pay for the services of the assignor. A
jury was waived and the court, after hearing the evidence, rendered
judgment in favor of the plaintiff and against the defendant district
for the amount of the warrant with interest and against the assignor
as indorser of the warrant. The school district appeals.

The district board was improving the school property, and at a
full meeting of the board agreed to purchase from Murphy, agent for
the Kaustine Company, of Buffalo, N. Y., a two-unit toilet outfit for
$236. This outfit came and was partly installed when the school-
house burned, only slightly injuring the toilet outfit, however. The
board at once decided to rebuild upon a larger scale and contracted
with Murphy for a six-unit toilet outfit, at which time Murphy
promised to help them dispose of the smaller outfit. The purchase
price of the larger outfit was $576.10, for which a warrant was issued
to Kaustine Company. The clerk of the district was a woman, and
she complained at a meeting of the board that she did not have time
to look after the notices and other work in connection with the vot-
ing of bonds for the new schoolhouse, and asked Murphy if he would
do it and if that would be agreeable to the board. There is no record
of any action of the board on any of the questions here involved.
The warrant sued upon was dated December 10, 1923, was for
$577.80, and was composed of the following items: two-unit toilet
outfit, $236; interest on same for 10 months, $11.80; twenty-two
trips to El Dorado or to the schoolhouse at $15 each, $330. It was
written up and signed by the clerk after figuring up these items and
was delivered to Murphy, being made payable to him, which was
agreeable to Kaustine Company. Murphy took it to the treasurer
and director at different places and secured their signatures thereto,
and later sold it to the plaintiff bank.

The matters involved in this case are more of fact than of law,
and our main duty will be to determine whether there was evidence
to support the judgment and the necessary findings of the court.
It is not contended by anyone that the warrant was issued, au-
thorized or allowed at a regularly called or any other kind of a board

meeting. If that is fatal to its validity it will necessarily be invalid, but that question we will consider later in connection with some of the facts. The answer in this case avers the signatures to the warrant were procured by representing that it was to take the place of a warrant that was lost, which was given for the six-unit toilet outfit, and then avers if issued for the two-unit outfit and interest and trips of Murphy there is no obligation or liability of the district therefor. The allegation as to its being represented as a substitute for a lost warrant is not at all supported by the evidence. The clerk and director both say there was nothing of the kind mentioned to them. Murphy says he never said that to anyone. The treasurer testifies that he did, but there was an incident which evidently confused him and led to his so testifying. The words warrant and order are used interchangeably, and one of the orders given by the board for the purchase of one of the toilet outfits had been lost and its loss discussed. At any rate, that allegation of the answer was not established. The contents of the warrant itself was sufficient to refute such a representation, aside from the difference as to date, amount, and payee, it specifically stating on its face that it was "for Kaustine toilets and legal services."

Now as to these items, it is admitted that the two-unit outfit was regularly ordered by the board, that it was received, partly installed before the fire, and that it is still in possession of the board. The evidence differs as to whether Murphy agreed to take it back or to help the board dispose of it. The members of the board did not agree as to that. As to the $330 item for 22 trips of Murphy in connection with the bond election and other business matters for the board, the evidence is conflicting. All three of the officers say it was talked of and they all knew Murphy was making the trip and doing the things that one of them should be doing. The director said he did not want him to do such work. The treasurer heard it mentioned at different meetings. The clerk proposed it and later agreed on the number of trips and reasonable compensation. All knew these trips were being made by him and knew the several matters about the notices and bond election were being performed by him, and no one objected or tried to prevent him from doing the things they knew should have been done by them. The warrant they signed showed it was partly for services, called legal services. The director long after tried to purchase the warrant from the bank. Nearly two years have elapsed after the signing of this warrant be-

Citizens State Bank v. School District.

fore this objection is interposed. The members of the board availed themselves of the experienced help he afforded them in the matter of voting the bonds. The clerk was in the hospital a part of this time, and the treasurer was out of the state a part of this time. The director did not want him to do it, but did not do it himself. There is such a thing as a district being bound by permitting things to be done for it and receiving the benefits thereof, even without the making of a valid and binding contract at a regularly called meeting of the board.

"Numerous authorities are cited in support of the proposition that a binding contract with the officers of a school-board district can be made only when they are in session. Notwithstanding this rule, a district may be required to pay the value of material received by it when it has knowingly permitted it to be furnished and has received and used the same and enjoyed its benefits." (*Watkins v. School District,* 85 Kan. 760, 764,. 118 Pac. 1069.)

We think the evidence is strong enough to justify a finding that both these items included in the warrant were furnished or performed by actual or implied contract with the board, but as concluded above there was no legal authorization by the board for the issuance of the warrant. Can the board under such circumstances be bound without such authorization? We think it can by accepting the benefits of material furnished and labor and services performed, and thereby ratifying the action, however irregular, that brought to the district a benefit.

"A contract for building a schoolhouse, void because made only by one member of the school board, may afterward be ratified and made binding upon the school district by the full school board, or by the school district." (*Sullivan v. School District,* 39 Kan. 347, syl. ¶ 1, 18 Pac. 287.)

"A contract for building a schoolhouse, void because made only by one member of the school board, may be ratified and made binding by the action of the school district in completing the building left unfinished by an absconding contractor; by furnishing the same with seats, desks, and other necessary schoolhouse furniture; by occupying the same for school purposes, and by insuring the same." (*School District v. Sullivan,* 48 Kan. 624, syl., 29 Pac. 1141.)

Again, even if the warrant is invalid, it represents an indebtedness of the district as the evidence shows, and a recovery can be had for the indebtedness it represents.

"It is conceded that the *claims* for which these warrants were issued were valid and that the county got value received therefor. The present holders of the warrants are therefore subrogated to the rights of the original claimants. Although the warrants are void, the claims are valid. (*School District v. Dudley,* 28 Kan. 160, syl. ¶ 2; *Irvine v. Board of Comm'rs* [of Kearny Co.,

Kan.], 75 Fed. 765.) The county must pay its valid debts. It did not pay them by issuing void warrants. The indebtedness is still outstanding." (*Bank v. Reilly,* 97 Kan. 817, 826, 156 Pac. 747. See, also, *Watkins v. School District,* supra.)

Such indebtedness goes with the assignment of the warrant, and when Murphy, in this case, assigned the warrant to the plaintiff bank he also assigned the indebtedness to which the bank would be subrogated in case the warrant is invalid.

"By the assignment of a school warrant the assignee becomes the owner of whatever claim the original holder had against the district for the indebtedness evidenced by the warrant." (*Bank v. School District,* 102 Kan. 98, syl. ¶ 4, 169 Pac. 202. See, also, *School District No. 73 v. Dudley,* 28 Kan. 160.)

But it is claimed by the defendant district that the plaintiff in this case cannot recover because it brought its action upon the warrant only, and not upon the indebtedness represented by the warrant, and cites *School District No. 73 v. Dudley,* supra, where the court permitted the plaintiff to amend his pleading so as to show the indebtedness represented by the warrant, and concludes that because no such request for amendment was made in this case the plaintiff cannot recover on the strength of the indebtedness of the district. In the case of *Furniture Co. v. School District,* 50 Kan. 727, 32 Pac. 368, the plaintiff's petition consisted of two counts, first, a claim upon the warrant, and, second, a claim for the indebtedness which the warrant represented, and the court said:

"A school district which has received, retained and used for a long period of time school furniture bought for it by the members of the school-district board, acting separately, without any board meeting, must be deemed to have ratified the purchase, and must pay for the property so obtained for its use." (Syl.)

Although the plaintiff in this case did not plead the indebtedness represented by the warrant, nor ask leave to amend its petition by doing so, yet we are not without sufficient pleadings in the case to make the question of indebtedness an issue. As stated above, the defendant district, in addition to general denial, pleaded the invalidity of the warrant because it was not authorized by a meeting of the board, and a further defense that the indebtedness represented by the warrant, naming the two items, was not a legal obligation of the district, and to this the plaintiff replied by general denial, which put in issue the question of the indebtedness of the district as to these items, and such issue was decided by the trial court in favor of the

Crouch v. Missouri Pac. Rld. Co.

plaintiff. (See *Irwin v. Paulett,* 1 Kan. 418; *Bank v. School District,* supra, syl. ¶ 3.)

Notwithstanding the want of proper authorization by the board for the issuance of the warrant sued on, we think the whole matter of the indebtedness of the district for the items contained in the warrant and the ratification of the board and the district by accepting and retaining the benefits of the merchandise furnished and services rendered were properly before the court and a fair and just determination reached.

The judgment is affirmed.