No. 29,714.

The Columbian Title and Trust Company, *Appellee*, v. The City of Tribune (George L. Reid, D. R. Beckstrom and W. M. Glenn, Interveners), *Appellants*.

(298 Pac. 798.)

Opinion filed May 9, 1931.

*George L. Reid, D. R. Beckstrom, W. M. Glenn,* all of Tribune, for the appellants; *J. Graham Campbell,* of Wichita, of counsel.

*John S. Dean* and *Harry W. Colmery,* both of Topeka, for the appellee; *Thomas F. Doran, Clayton E. Kline* and *M. F. Cosgrove,* all of Topeka, of counsel.

The opinion of the court was delivered by

HUTCHISON, J.: This action was originally one to recover on city warrants, but the appeal is from the refusal of the court to strike from the files an amended petition and from the sustaining of a motion to render judgment for plaintiff on the pleadings and the evidence. The plaintiff sought to recover on seventy-two warrants issued by the defendant, the city of Tribune, a city of the third class. A waiver of service and a confession of judgment signed by the mayor and councilmen for the city was filed. Three taxpayers were upon their own request permitted to intervene on behalf of the city to make a defense to the action. They filed an intervening answer admitting the corporate existence of the plaintiff and the organization of the defendant as a city of the third class; also admitting the execution of all the city warrants by the proper officers of the city; that they were indorsed by the payees thereof, were presented for payment and not paid for want of funds, and that

the plaintiff is the owner of them. The answer denies the issue of them for valuable consideration and alleges that the city did not get value received for the issue of them, and that they are invalid and illegal because issued in excess of the levy of taxes of the city for the current year; no proper city ordinance for the appropriation of this money or the issue of the warrants was passed as required by law prior to their issuance; and further alleges collusion between the officers of the city and the plaintiff in the offer of the city to confess judgment. Shortly after the filing of this pleading and before any hearing was had, the city of Tribune by leave of court withdrew its offer to confess judgment and filed an answer to the petition, the same as that filed by the interveners. To this answer of the city the plaintiff filed its reply specifically denying having entered into any collusion with the officers of the city and alleging that it is not advised as to whether any of the warrants were issued in excess of the revenues of the city, but—

". . . that whatever the fact may be in regard to the current revenue of the city of Tribune, at the time of the issuance of the warrants described in the plaintiff's petition, or any of them, and whatever the fact may be as to whether an ordinance of said city was passed authorizing the issuance of said warrants, the facts are, that each and every one of said warrants was issued for *bona fide* indebtedness of the city of Tribune, which it had authority at the time to contract, and in pursuance of the allowance and settlement of such indebtedness by the duly constituted authorities of said city. . . .

"That each and every one of said warrants mentioned and described in the several causes of action contained in the petition were issued to the payees of said warrants respectively, on account of debts legally due to said payees of said warrants respectively, on contracts entered into by said city with said payees respectively, which said contracts, and each of them, the said defendant, city of Tribune, had authority at the time to make, and did make with the payees of said warrants respectively."

The defendant assumed the burden of proof and a trial was had before the judge upon the issues thus formed. Judgment was rendered for plaintiff on part of the warrants and the others were held to be invalid, in the following language and manner:

". . . that the warrants in question drawn on the street fund during the year 1924, up to the amount of $750.72, the amount of the tax levy for street purposes, are legal and valid and all warrants drawn on said street fund during the year 1924, in excess of that amount, are invalid. . . . It is further considered, ordered, adjudged and decreed, that nothing in this decision is intended to determine the right of the plaintiff or its assignors to recover upon the original indebtedness represented by the warrants sued on in the other causes of action, upon which judgment has not been rendered."

Both parties filed motions for new trial, which were overruled and no appeal was taken. Plaintiff filed an amended petition, alleging as to the first count—

"That the defendant is indebted to one E. P. Fox in the sum of ninety-four and 16/100 dollars ($94.16), for labor performed for the defendant at its special instance and request, the particulars of which will appear by an itemized account, duly verified by affidavit, and filed in the office of the city clerk of Tribune, Kansas, all as required by law, which account is hereby referred to and made a part of this petition the same as though fully set out herein.

"That to evidence such indebtedness the defendant made and delivered to said E. P. Fox its warrant No. 960, drawn upon its city treasurer, in the sum of ninety-four and 16/100 dollars ($94.16), dated August 29, 1924, which warrant is attached to the original petition filed in this cause, marked 'Exhibit 1,' and is by reference made a part of this amended petition the same as though fully set out herein.

"That for a valuable consideration the said E. P. Fox assigned said account to this plaintiff, by indorsing on said warrant the words 'E. P. Fox' and delivering the same to this plaintiff."

The amended petition concludes with the allegation that the plaintiff is the lawful owner of the account, that the defendant fails and refuses to pay the same, that there is due the plaintiff the amount named with interest, and prays for judgment accordingly. Similar allegations were made as to each of the forty-nine counts, differing only as to dates, amounts, labor performed or material furnished.

The motion of the defendant to strike the amended petition from the files assigns four reasons, as follows:

"1. The said amended petition and every one of its forty-nine causes of action is for entirely different causes of action from the original causes of action set up by the plaintiff in its petition in this case.

"2. Because judgment has been rendered by the court in this case and the judgment entered on the journal of this court long prior to the filing of this amended petition.

"3. Because there is no authority in the statutes for the filing of this amended petition.

"4. Because the above-entitled action was fully determined and settled long prior to the filing of this amended petition and the plaintiff cannot start another and entirely different lawsuit by filing an amended petition."

This motion and a motion of the plaintiff for judgment on the pleadings and the evidence were presented and heard together and were decided by the trial court at the same time, the former being overruled and the latter sustained. Judgment was rendered for plaintiff accompanied with findings of fact and conclusions of law.

The third ground stated in the motion of the defendant to strike

the amended petition from the files is because there is no authority in the statutes for the filing of this amended petition, and appellant refers to the caption of the petition reading as follows: "Comes now the plaintiff, leave of court first having been obtained, to amend its petition to accord with the evidence in this cause, and for its amended petition in the above-entitled cause, alleges and states"; also to the provisions of R. S. 60-759, where it is stated amendments may be made for certain purposes, one of which is "or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense." Aside from the question of the amendment changing substantially the claim of the plaintiff, which will be considered later, the statute seems to authorize such amendments to conform to the facts proved.

Appellant cites and urges the decision in the case of *Walker v. O'Connell*, 59 Kan. 306, 52 Pac. 894, where it was held to be too late after verdict to make such amendment, when throughout the trial at every available opportunity objection was made to the reception of evidence concerning an allegation entirely omitted from the petition that no administrator had been appointed for the deceased where his widow was attempting to recover damages for his death. This holding was later distinguished where the circumstances were different and more nearly like those in the instant case.

"When a petition claiming damages is not demurrable for insufficiency in its statements of fact to constitute a cause of action, but is only subject to a motion to make it more definite and certain as to the allegations of damages sustained, and upon it a first trial is had, in the course of which the plaintiff makes a full disclosure of the several items constituting his demand, it is not error, upon a second trial and at the close of the plaintiff's evidence, during which the same disclosures were made, to allow the petition to be amended by setting out the various items of damages claimed, so as to conform to the evidence given. The case of *Walker v. O'Connell*, 59 Kan. 306, 52 Pac. 894, distinguished." (*Tullock v. Mulvane*, 61 Kan. 650, syl. ¶ 2, 60 Pac. 897. See, also, *Sutter v. Harvester Co.*, 81 Kan. 452, 106 Pac. 29.)

So if there were any facts proved as to the original indebtedness, then there was authority conferred by this statute to permit the amendment, unless, of course, the amendment substantially changed the claim.

The first ground of the appellant's motion is that every one of the forty-nine causes of action in the amended petition is for an entirely different cause of action from the original causes of action upon the warrants.

Reference has been made by both parties to the initial case on this subject and one which we think rather decisive of the controversy here, where Justice Brewer in the opinion uses the following language:

"A party, when sued upon its own instrument evidencing indebtedness, introduces testimony tending to show that the instrument as an instrument is invalid; but at the same time shows the existence of a valid debt for which the instrument was issued. Having shown that fact, an amendment is permitted so that the pleading alleges the indebtedness as well as the instrument by which it was evidenced. Under those circumstances, in view of the large discretion vested in the trial court, it cannot be held that any material error, any error working prejudice to the substantial rights of the defendant, has been shown." (*School District v. Dudley,* 28 Kan. 160, 164.)

A more recent decision refers with approval to that early decision and shows that allegations of the original indebtedness for which the warrants were issued do not constitute a departure.

"Where the answer of a school district to an action upon school warrants pleads that the warrants were unlawfully issued and are without consideration and void, a reply which alleges that the defendant received and used the property and services for which the warrants were issued, that the acts of its officers in issuing the warrants were ratified by the electors of the district, and that defendant is estopped to question the validity of the warrants, does not set up a new cause of action nor constitute a departure." (*Bank v. School District,* 102 Kan. 98, syl. ¶ 3, 169 Pac. 202.)

In another recent case, *Citizens State Bank v. School District,* 124 Kan. 300, 259 Pac. 796, it was said as to the pleadings:

"Although the plaintiff in this case did not plead the indebtedness represented by the warrant, nor ask leave to amend its petition by doing so, yet we are not without sufficient pleadings in the case to make the question of indebtedness an issue. As stated above, the defendant district, in addition to general denial, pleaded the invalidity of the warrant because it was not authorized by a meeting of the board, and a further defense that the indebtedness represented by the warrant, naming the two items, was not a legal obligation of the district, and to this the plaintiff replied by general denial, which put in issue the question of the indebtedness of the district as to these items, and such issue was decided by the trial court in favor of the plaintiff." (p. 304.)

The test of departure or substantial change seems to be whether or not the indebtedness is an issue under the original pleadings in the case. After admitting in the answer the execution of the warrants, that they were indorsed by the payees thereof to the plaintiff and that plaintiff is the owner of them, the city alleged want of consideration, that the city did not get value received for them, and

that they were drawn on the street-improvement fund. The reply alleged that the warrants were issued on account of debts due the payees on contracts with the city and issued in pursuance of the allowance and settlement of such indebtedness. The amended petition does no more than amplify and set out the details of such indebtedness by referring to the itemized account of the work done or material furnished, which under the authorities cited is not a departure nor a substantial change of the claim. They are the same claims as those on the warrants, namely, the indebtedness for which the warrants were given—the consideration for the warrants. If there was no work done or material furnished, there was no consideration for the warrants. The question of consideration was in the case from the beginning. For the material furnished or the labor performed for the city, if any was furnished or performed, there were obligations due, and the warrants were only the evidence of such debts or obligations. There was no change in the claims, only in the form of them, the warrants being simply an evidence of the indebtedness.

Do the amendments made by the amended petition conform to the facts proved? On the apparent issue of consideration we find in the record the testimony of the city clerk as to the minutes showing on different dates that the city council had ordered that gravel be placed on certain streets and the appointment of a suitable person to oversee the work; also making the purchase of corrugated iron culverts to be used at certain intersections and ordering the hauling of gravel to surface certain streets. He also identified the list of warrants drawn on the street-improvement fund. The one placed in charge of the work and the members of the council testified that hauling and surfacing was done. The following paragraph, as appears in the abstract at the close of the testimony of the defendant city during the trial as pertaining to the question of consideration for the warrants and the work done on the streets, is pertinent:

"The court asked if there was any contention the city did not get value received. One of the attorneys answered, 'To some extent.' We will admit they hauled a lot of sand for which they paid about twice as much as they should have paid and they hauled a lot of cinders and did a lot of work. We will admit that these vouchers were filed in the regular form; that all warrants were issued, but at the same time object to the introduction of such evidence on the ground it is incompetent, irrelevant and immaterial. The court overruled the objection."

There can be no question from this evidence as to the identity of the consideration of the warrants and the indebtedness of the city for labor performed and material furnished in street-improvement work, and that these statements proved or tended to prove a consideration for the warrants issued and that such consideration was the labor performed or material furnished, which when performed or furnished, constituted an obligation or debt of the city. We are not now and here concerned with the sufficiency of such proof, but only whether or not there were facts of this kind proved on the trial, and if so, then the amendment was properly made to conform to the facts proved.

Considerable is said in the brief of appellant as to the amended petition being filed without leave of the court, but that question does not seem to have been raised by the motion to strike nor the motion for a new trial, and the presumption is that leave was obtained as stated in the introduction thereof. Besides, if it was filed without leave and was otherwise proper, we are not shown how it would constitute reversible error.

The second and fourth grounds of the motion to strike will be considered together. They are based upon the theory that a judgment having been already rendered on these warrants, the matter is *res judicata* and therefore no amended petition would be proper, attempting to raise the same or similar question.

The record shows that the former district judge did decide that these particular forty-nine warrants were invalid because they were in excess of the amount of the levy for street improvement for the year 1924, but followed that holding with the positive statement "that nothing in this decision is intended to determine the right of the plaintiff or its assignors to recover upon the original indebtedness represented by the warrants sued on in the other causes of action, upon which judgment has not been rendered." The court specifically says "judgment has not been rendered." Even without the last clause of this paragraph of the journal entry the earlier clauses show unmistakably that the court had in mind a further consideration of the question involved as to the indebtedness represented by these warrants held to be invalid.

We are cited to those decisions which logically hold that the adjudication between litigants is not limited to those things they may choose to litigate, but to everything that could have been litigated in the action. The difficulty with the application of this well-

recognized principle to this situation is that here the matter was not adjudicated. The court held the warrants to be invalid but declined to go further, expressly reserving and keeping open for further consideration the remaining question. None of the cases cited in support of this contention meet or approach this feature of the case. It is similar to a holding of the court as to the other warrants which were held to be valid if the court had reserved the matter for further consideration as to the rate of interest to be allowed and the total amount due. That would not be an adjudication that would prevent a subsequent determination of the rate of interest and amount of judgment.

We find no error in overruling the motion to strike the amended petition from the files.

Much that has been said on the question of defendant's motion to strike the amended petition from the files especially with reference to the issues raised thereby being res adjudicata is applicable to the next and separate question of the errors assigned because of the sustaining of the motion of plaintiff for judgment on the pleadings and the evidence. These motions were heard and determined by a new and different judge from the one who held the warrants invalid. The matter was fully briefed and argued and the new judge made findings of fact and conclusions of law in favor of the plaintiff and rendered judgment for the plaintiff and overruled defendant's motion for a new trial.

Many specifications of error are assigned and many interesting points are well argued on both sides, but one point is involved which is not met by the argument of the appellant, and that is the right of the defendant to avoid the payment of a debt for which it received a benefit, and for which it had the right to contract, because of irregular and defective procedure. In other words, if the defendant city had the right to arrange for the hauling of gravel for the improvement of its streets and purchase culvert material for the same purpose, can it now after receiving the benefit of the labor and material retain that benefit and avoid the payment of the claims for such because of omissions, irregularities and defects in the manner and form of its own proceedings in authorizing the work done, material purchased and allowance of the claims?

Appellant cites many cases showing the absolute importance of a strict observance of the statutory requirements, particularly R. S. 15-106, 15-402 and 15-412, but a careful examination of them shows

that the proceedings for the most part were instituted early and before outside parties had expended time, labor and money on the proposition. In the case of *Decker v. City of Pleasanton,* 117 Kan. 279, 231 Pac. 330, it was by injunction the irregular and insufficient proceedings for paving and guttering were checked, and in the case of *State, ex rel., v. Lander,* 87 Kan. 474, 124 Pac. 364, irregular taxing proceedings were called into question by ouster proceedings.

Among the defects complained of by the city which it claims should defeat a recovery on the claims for indebtedness are lack of ordinances authorizing the work and street improvement to be done, and the illegality of the ordinances appropriating the money and directing the issue of warrants, claimed to have been passed at illegal meetings and without a roll call; the attempt to pay a member of the council for some labor performed by him and to issue a warrant therefor to him while he was a member of the council; the making of any purchase in excess of the revenue as well as the issuance of warrants as being prohibited by R. S. 15-412.

Some of these points are matters of fact to be determined by the evidence; others may be purely questions of law. The trial court made findings of fact in favor of the views and contention of the plaintiff. We find there was some evidence to support each of the findings of fact.

It is not contended that the defendant city did not have authority to improve its streets by surfacing them with gravel, as concluded by the trial court in its first conclusion of law. Now if it had the legal right and authority to make such improvement, will its irregular and defective manner of executing that authority, when it has received and is retaining the benefits, prevent a recovery of the claim for such labor performed and material furnished? We think not, under the many rulings along this line.

"Where a contract between a city and a paving contractor is illegal only because of irregularities in the proceedings leading up to the letting of the paving contract, and the contract is not tinctured with moral turpitude, and there was no want of authority to let the contract if the preliminary proceedings had been strictly regular, the city is liable to the contractor for the work actually done under direction of the proper city officers, when that work is adopted and used by the city." (*Ritchie v. City of Wichita,* 99 Kan. 663, syl. ¶ 3, 163 Pac. 176.)

"Where work is performed upon a street of a city and at its instance, and the city has accepted and is enjoying a valuable benefit of the work, the city cannot escape liability for the reasonable value of the work because of a mere

irregularity in contracting for its performance." (*Du Bois v. City of Galena,* 128 Kan. 253, syl. ¶ 4, 276 Pac. 802.)

"Where there is no want of power on the part of a municipality to make a contract of employment, but merely a failure to comply formally with the provisions of the statute authorizing the city to make such a contract, the city is liable for services rendered by a person informally employed by the city, when his services have been recognized and accepted by the city, and where the city has received valuable benefits from such services. . . ." (*City of Topeka v. Ritchie,* 105 Kan. 398, syl. ¶ 2, 184 Pac. 728. See, also, *Kaill v. Bell,* 88 Kan. 666, 129 Pac. 1135; and *Getty v. City of Syracuse,* 129 Kan. 106, 281 Pac. 883.)

By applying the principle expressed in the opinions above quoted to the situation in the case at bar, we conclude the plaintiff had a right to recover notwithstanding the irregularities enumerated, and this makes it unnecessary to discuss the effect of each particular irregularity, nor do we need to approve or disapprove the third conclusion of law discussed in the briefs.

There are many other matters mentioned and urged in the brief of appellant, as delays, lack of privileges and opportunities, unusual and special features, which are cited as involved in the case in some way, directly or indirectly. These have not been overlooked or ignored, but fully considered, and held not to be such as to change the result.

The judgment is affirmed.