No. 43,577

MOORMAN MOTORS, INC., *Appellee*, v. FRED W. PHELPS, *Appellant.*

(391 P. 2d 811)

Opinion filed April 11, 1964.

*Fred W. Phelps*, of Topeka, argued the cause and was on the briefs *pro se.*

*Fred S. Jackson*, of Topeka, argued the cause, and *Walter G. Stumbo, Robert R. Irwin, Craig Irwin*, and *Mary Schowengerdt*, all of Topeka, were with him on the briefs for the appellee, Moorman Motors, Inc.

*L. M. Cornish, Jr.*, of Topeka, argued the cause, and *Ralph F. Glenn, Jan W. Leuenberger, M. D. Bartlow*, and *Roger R. Viets*, all of Topeka, were with him on the briefs for the appellee, General Motors Acceptance Corporation.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal from an order overruling the defendant's motion to make an additional party defendant and directing that defendant's counterclaim be stricken from his answer and made the subject of a separate action.

The facts which are material to this appeal are not in dispute. The plaintiff, Moorman Motors, Inc. sued the defendant, Fred W. Phelps, to recover a balance alleged to be due on the purchase price of a Studebaker automobile. The petition alleges that the car was purchased by Phelps under a conditional sales contract which Moorman Motors then assigned to General Motors Acceptance Corporation; that Phelps defaulted in his payments under the contract; that General Motors then repossessed the car, and reassigned the conditional sales contract to Moorman Motors which sold the car pursuant to said contract; and that, after the proceeds of the sale were applied on the contract, a deficiency remained, for which judgment was prayed.

To plaintiff's petition, Phelps filed an answer which contained a counterclaim against Moorman Motors and General Motors Acceptance Corporation alleging in substance that those companies,

acting in concert, had wrongfully repossessed the car at a time when he, Phelps, was not in default. Phelps accordingly prayed judgment against both corporations for the alleged wrongful conversion of the Studebaker car. In addition to his answer, the defendant Phelps also filed a motion to have General Motors Acceptance Corporation served with summons as a necessary party.

The defendant Phelps assigns as error the overruling of his motion and the order that his counterclaim be stricken from the answer and made the subject of a separate action.

The statute pertinent to the question presented in this appeal is G. S. 1949, 60-712, which reads as follows:

"When it appears that a new party is necessary to a final decision upon a counterclaim, the court or judge may either permit the new party to be made by a summons to reply to the counterclaim, or may direct the counterclaim to be stricken out of the answer and made the subject of a separate action."

As we read this statute, it appears free from ambiguity. Under its express terms, where a court is confronted by a counterclaim such as appellant has alleged, i. e., one involving a new and necessary party, it may choose to take either one of two actions. First, the court may permit the new party to be made a party to the action and require him, by summons, to reply to the counterclaim, or second, it may strike the counterclaim from the answer and direct it be made the subject of a separate action. Either one of those two courses of action was open to the trial court in this case. That the second course was chosen by the court may not be said to constitute error.

We are not unmindful of the appellant's contention that he may be barred, in the event of an adverse decision in the instant action, from pursuing his counterclaim against Moorman Motors and General Motors Acceptance Corporation for damages arising out of the alleged conversion. However, we do not understand that such result will follow.

This is not a case where Phelps has failed to assert a claim for relief arising out of the transaction sued on by Moorman Motors. To the contrary, Phelps has been diligent in presenting his demand and affirming his position. That he may be precluded from litigating his counterclaim in this present action will be due, not to any fault or neglect on his part, but to the trial court's order directing the counterclaim to be made the subject of a separate action. Such a

situation is entirely different from that in which no attempt is made to assert an existing counterclaim.

In 50 C. J. S., Judgments, § 684, p. 135, the following rule is set forth:

"A party is not barred from suing on a claim or demand because he pleaded it as a set-off or counerclaim in a former action, if it was not adjudicated or allowed in such action, as where it was excluded or rejected by the court . . ."

Such would appear to be the rule in this state. In *Columbian Title and Trust Co. v. City of Tribune*, 133 Kan. 51, 298 Pac. 798, it was held that matters which have been expressly reserved or excepted by the court from its judgment are not *res judicata* in a subsequent action.

The judgment of the trial court is affirmed.