JAMES M. GILLE v. CARRIE L. EMMONS.

No. 9725.

1. VOID JUDGMENT—*judgment entirely outside the issues may be vacated any time as a.* A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant.

2. ——— *affirmance on error does not validate, nor prevent motion to vacate.* A proceeding in error in which there was an affirmance does not validate the void judgment, nor prevent the trial court from subsequently vacating the same.

Error from Johnson District Court. Hon. John T. Burris, Judge. Opinion filed April 10, 1897. *Affirmed.*

*Witten & Hughes*, for plaintiff in error.
*Mills, Smith & Hobbs*, for defendant in error.

JOHNSTON, J. This was an application by Carrie L. Emmons to vacate and set aside a judgment rendered against her without right or authority by the District Court of Johnson County. It appears that, on February 4, 1887, D. R. Emmons executed two promissory notes for forty-three hundred dollars each, payable one year after date with interest at the rate of eight per cent. per annum, and to secure the payment of the same executed a mortgage upon a tract of land in Wyandotte County. . Being a married man, his wife, Carrie L. Emmons, joined in the execution of the mortgage. Default was made in the payment of the notes, and, on March 12, 1888, an action was brought by James M. Gille, the owner of the notes and mortgage, to recover a personal judgment againt D. R. Emmons and to foreclose the mortgage. Carrie L. Emmons was joined as a defendant, and, as to her, the prayer of the petition was that her equity of redemption in the mortgaged premises should be foreclosed. In her answer· she alleged that she was not interested in the controversy, which related to a failure of title to part of the mortgaged land which was the consideration of the notes and mortgage in question, except as the wife of D. R. Emmons. On January 26, 1889, the trial resulted in a judgment in favor of Gille upon the notes and for a foreclosure of the mortgaged premises. A journal entry was prepared by one of the counsel for Gille, which was entered by the clerk, and, although not asked for nor authorized by the pleadings, it was made to appear that a personal judgment had been rendered against Carrie L. Emmons for $10,188. It seems that counsel for Gille did not intend to in-

clude her in the entry of personal judgment, and that her attorney was not aware that such an entry had been prepared or made. She had no knowledge that a judgment had been entered against her until August, 1893, when an execution was taken out and levied upon her property. She never was liable for the debt sued on, and never, by any promise, pleading, or action, authorized the creation of the debt which the mortgage was given to secure. Shortly after the levy was made upon her property, she filed, in the original cause, a motion asking that the judgment be vacated and set aside. A hearing was had at which the foregoing facts were developed; and the court held the judgment to be void and sustained the motion. This decision is assigned as error.

We entertain no doubt that the court reached a correct conclusion. The indebtedness of Carrie L. Emmons was not an issue in the case, and was never submitted to the court for its determination. The mere fact that jurisdiction of the person was obtained by the court, did not give it unlimited power to adjudge any and every matter in which the parties to the action might be concerned. A court cannot determine matters not brought to its attention by some method known to the law, nor give effective judgment upon a cause or subject-matter not brought within the scope of its judicial power. Although it may have jurisdiction in the class of cases to which a cause belongs, it cannot exercise its power until it is invoked by the parties; and if it goes outside of the issues and adjudicates a question not submitted for its decision the judgment is without force. The question was recently examined by the Supreme Court of the United States in *Reynolds v. Stockton* (140 U. S. 254), where it was held that in order to give a judgment rendered by even a

1. Judgment outside issues void.

court of general jurisdiction the merit and finality of an adjudication between the parties, it must be responsive to the issues tendered by the pleadings ; and that a judgment rendered upon another and different cause of action than that stated in the complaint or submitted to the court for its decision is without binding force. In that case, Mr. Justice Brewer used the following language :

" We are not concerned in this case as to the power of amendment of pleadings lodged in the trial court, or the effect of any amendment made under such power, for no amendment was made or asked. And without amendment of the pleadings, a judgment for the recovery of the possession of real estate, rendered in an action whose pleadings disclose only a claim for the possession of personal property, cannot be sustained, although personal service was made upon the defendant. The invalidity of the judgment depends upon the fact that it is in no manner responsive to the issues tendered by the pleadings. This idea underlies all litigation. Its emphatic language is, that a judgment, to be conclusive upon the parties to the litigation, must be responsive to the matters controverted. Nor are we concerned with the question as to the rule which obtains in a case in which, while the matter determined was not, in fact, put in issue in the pleadings, it is apparent from the record that the defeated party was present at the trial and actually litigated that matter. In such a case the proposition so often affirmed, that that is to be considered as done which ought to have been done, may have weight, and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made. Here there was no appearance after the filing of the answer, and no participation in the trial or other proceedings. Whatever may be the rule where substantial amendments to the complaint are permitted and made, and the defendant responds thereto, or where it appears that he takes actual part in the litigation of the matters determined, the rule is universal that, where he appears and responds only to

the complaint as filed, and no amendment is made thereto, the judgment is conclusive only so far as it determines matters which by the pleadings are put in issue.''

The same question was before the Court, of Errors and Appeals of New Jersey, and it was there held that a judgment entirely outside the issues in the record is invalid, and will be treated a nullity even in a collateral proceeding. It was said :

'' Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials : *First*, the court must have cognizance of the class of cases to which the one to be adjudged belongs ; *second*, the proper parties must be present; and *third*, the point decided must be, in substance and effect, within the issue. That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to the proceedings, are propositions established by a multitude of authorities. A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that because A and B are parties to a suit, a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over these particular interests, which they choose to draw in question, that a power of judicial decision arises.'' *Munday v. Vail*, 34 N. J. L. 422.

And again :

'' A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard.'' Id. 423.

The Supreme Court of Ohio has held :

" The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached." *Spoors v. Coen*, 44 Ohio St. 497.

In treating upon this subject, Freeman, in his work on Judgments, states :

" It is essential that the jurisdiction of the court over the subject-matter be called into action by some party and in some mode recognized by law. A court does not have the power to render judgment in favor of one as plaintiff if he has never commenced any action or proceeding calling for its action ; nor has it as a general rule power to give judgment respecting a matter not submitted to it for decision, though such judgment is pronounced in an action involving other matters which have been submitted to it for decision and over which it has jurisdiction." 1 Freeman on Judgments, 4th ed., secs. 120, 120c.

See, also, *Little v. Evans*, 41 Kan. 578 ; *Fithian v. Monks*, 43 Mo. 502 ; *Steele v. Palmer*, 41 Miss. 88 ; *Armstrong v. Barton*, 42 id. 506 ; *Lewis v. Smith*, 9 N. Y. 502 ; *Unfried v. Heberer*, 63 Ind. 67 ; *Dunlap v. Sutherlin*, 63 Tex. 38 ; 1 Black on Judgments, § 242.

If there had been an attempt to set up a liability against Mrs. Emmons, and the cause of action had been imperfectly or defectively stated, a judgment rendered thereon, although erroneous, would be deemed to be valid until reversed on error or set aside by some direct proceeding for that purpose. Here, however, there was no attempt to state a liability against her, and the pleadings plainly disclosed that she was not liable for the debt. There was no amendment of the pleadings, and no purpose by any of the parties that a liability should be asserted or a judgment taken against her. Her liability was not within the judicial control of the court nor subject to its determination.

The court had no more power to award a judgment against her therein than it would have had to adjudge that the title to her personal property was in the plaintiff, or that the home in which she lived in another county was not a homestead. The judgment rendered against her was a nullity, and subject to either direct or collateral attack. The validity of the judgment was challenged in the same court and in the same case in which it was rendered. It is true that the application to vacate was not made until more than four years after the judgment was rendered, but, as the judgment was void, the court was not hampered by a limitation of time. The statute relating to proceedings for the vacation and modification of judgments provides that " a void judgment may be vacated at any time on motion of a party or any person affected thereby." Civil Code, § 575 ; *Beach v. Shoenmaker*, 18 Kan. 147 ; *Hansan v. Wolcott*, 19 id. 207.

The judgment was brought to this court for a review of the questions which were in issue in the District Court, and the name of Carrie L. Emmons was added as a plaintiff in error. The questions in controversy between D. R. Emmons and Gille were determined in favor of the latter, and the judgment was affirmed. The fact that Carrie L. Emmons was named as a plaintiff in error and that the judgment was affirmed in that proceeding, did not operate to infuse life into the void judgment, nor prevent the trial court from setting it aside upon motion at any time thereafter. If she had had knowledge of the existence of the judgment against her, the proceedings could be regarded as nothing more than an attempt to set aside a void judgment. Being a nullity, it could be collaterally attacked ; but, although a nullity, it is sufficient to lay the foundation for a proceeding in error. *Earls v.*

2. Affirmance on error does not validate.

*Earls*, 27 Kan. 538. It may also, as we have seen, be vacated and set aside at any time on motion of the defendant.

The order setting aside the judgment is affirmed.