Miller v. Miller.

No. 22,801.

JOSEPH MILLER, *Appellee*, v. FRANK MILLER, *Appellant.*

SYLLABUS BY THE COURT.

1. ACTION FOR PARTITION—*Contents of Summons.* Except where the action is "on contract for the recovery of money" (Civ. Code, § 60), there is no requirement that the summons shall state the character of the action or the relief sought.

2. JUDGMENT—*Conclusiveness of Judgment by Default.* A judgment by default upon personal service of summons upon the defendant is as conclusive against him upon every matter admitted by the default as if he had personally appeared and contested the plaintiff's right to recover. (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80.)

3. ACTION—*To Set Aside Decree in Partition—Petition Fails to State Cause of Action.* In a suit to set aside a decree in partition it was alleged that the defendant fraudulently caused a summons to be issued and served upon plaintiff in which no claim was made for partition but simply notified him that he had been sued, and that this was done for the purpose of preventing him from attending the action and protecting his interests in the property; that he relied upon an oral agreement with the plaintiff for a division of the property and was not aware of the nature of the decree of partition until long after it had been rendered. *Held,* that the petition failed to state a cause of action and it was error to overrule a demurrer. (*Bleakley v. Barclay,* 75 Kan. 462, 469, 89 Pac. 906; *Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079.)

4. PLEADINGS—*Petition Stating Several Causes of Action—Motion to Separately State and Number Should be Sustained.* Where the petition states several causes of action, some sounding in contract and some in tort, and all blended and confused, it is error to overrule a motion to separately state and number.

5. ACTION—*Remanded for Further Proceedings.* In the confused state of the pleading, the court will not undertake the task of determining whether some of the causes of action were subject to demurrer.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed October 9, 1920. Reversed.

*Herman Long,* of Wa Keeney, for the appellant.

*John R. Parsons,* of Wa Keeney, and *E. A. Rea,* of Hays, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appeal is from orders overruling demurrers and motions leveled against the petition.

The petition was in two counts: the first alleged in substance that plaintiff and defendant, who are brothers, were joint owners of 680 acres of land in Trego county and in 1917 orally agreed upon a division of the land by which each was assigned his share in severalty; that there was at that time some difference between them over a small building on the land which was not of sufficient value to warrant the plaintiff in going from his home in Atchison to defend an action that might be brought against him in Trego county; that knowing all these facts, the defendant, on September 18, 1917, brought an action in partition in the district court of Trego county and fraudulently caused a summons to be issued and served upon the plaintiff in which no claim was made for the partition of the real estate, but which simply notified him that he had been sued; that this was done for the purpose of preventing him from attending the action and protecting his rights therein; that he relied upon the oral agreement for the division of the property, and was not apprised of any different attitude on the defendant's part until long after a decree of partition had been rendered by the district court of Trego county; that the division made by the court in the partition suit defrauded and cheated the plaintiff out of his full interest in the land; that the value of the property which he was to receive by virtue of the oral agreement exceeds the value of the portion given him by the partition decree in the sum of $2,000; that he had delayed bringing action to set aside the judgment in the partition suit because of ineffectual efforts to induce defendant to adjust the difference out of court. Plaintiff asked that the decree of partition be set aside and the lands divided according to the alleged oral contract or that a division be made that would be just and equitable between himself and the defendant. The files and papers in the partition suit were made a part of the petition. They show that plaintiff was personally served with summons in that action and show perfectly regular proceedings in partition, including the appointment of commissioners, their re-

Miller v. Miller.

port, its confirmation and a decree setting apart to the plaintiff his separate interest as found by the court. To this count of the petition a demurrer was overruled.

1. The demurrer should have been sustained. The petition alleges that the defendant fraudulently caused a summons to be issued and served upon plaintiff in the partition suit which simply notified him that he had been sued. Merely to say that a thing was done fraudulently does not show fraud.

The form of the summons is prescribed by section 60 of the code (Gen. Stat. 1915, § 6951) and, except where the action is upon a contract for the recovery of money, there is no requirement that the summons shall state the contents of the petition nor the nature of the cause of action.

It has been repeatedly held that a judgment by default where there is actual notice to the defendant is as conclusive against him upon every matter admitted by the default as if he had personally appeared and contested the plaintiff's right to recovery. (*Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80.) Even where the judgment has been procured by perjured testimony, a party thereto cannot impeach it or set it aside on that ground. (*Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906; *Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529; *Miller v. Miller,* 89 Kan. 151, 155, 130 Pac. 681.)

"The fraud which will authorize a court to vacate a judgment in an action brought for that purpose under section 570 of the code of civil procedure must be extrinsic or collateral to the matter involved in the former action, and sufficient to justify the conclusion that but for such fraud the result would have been different." (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079, syl. ¶ 2; see, also, *United States v. Throckmorton,* 98 U. S. 61, 68).

Besides, if the facts alleged by the plaintiff had been embodied in an answer and filed in the partition suit they would not have constituted a defense. It is not averred that possession had been taken and held under the oral arrangement for the division of the property, or that valuable improvements had been made by reason of it. The alleged oral agreement was void under the statute of frauds. (*McCullough v. Finley,* 69 Kan. 705, 77 Pac. 696.)

The plaintiff's claim of fraud amounts to this: he had a defense to the partition action but relied upon his adversary

to present it for him.    It was said in *Whiteman v. Cornwell*, 100 Kan. 234, 237, 164 Pac. 280:

"If I am sued for a sum of money which I do not owe, on a claim without even a shadow for its basis, and am duly summoned into court, and I wholly ignore the judicial proceeding, the plaintiff will take judgment against me by default, and in time that judgment will become unassailable."

2. In the second count plaintiff attempts to state several causes of action without separating or numbering them.   One was for the recovery of a share of farm rents for a certain year; another alleges that in 1916 defendant received $200 from a railroad company for wheat burned and that one-eighth of this sum is due plaintiff by reason of his joint ownership of the land; in another plaintiff seeks to recover the value of his share of certain wheat, which it is claimed was destroyed by the negligence of the defendant in setting out a fire; in another damages are asked for the conversion of railroad ties which it is claimed he and the defendant were to receive under a contract with the railroad company, but that defendant took and converted them to his use.   There are several other causes of action for the conversion of property, including one for the recovery of $150, the alleged value of a colt which plaintiff claims to have left on the premises and that defendant took and converted.   Judgment was asked for $1,318.30, the sum of the various items of damages claimed in the several causes of action.

On the hearing of a motion to require the several causes of action to be separately stated and numbered, plaintiff took leave to amend and the motion was overruled.   By the amendment the second count was merely separated into two subdivisions, "A" and "B."   Subdivision "B" relates to the cause of action for the recovery of $150 for the value of the colt, which it is alleged defendant converted.   Subdivision "A" contains the other several causes of action referred to, and possibly more; all of them are confused and mingled together.

While it rests largely in the discretion of the court or judge to require several causes or defenses to be separately stated and numbered (Civ. Code, § 122), it must be held an abuse of discretion to deny such a motion where the pleading blends together and confuses so many separate and distinct causes of action as the petition in this case clearly does.

There is force in defendant's contention that the petition fails to state any cause of action for the conversion of property, but in the confused state of the pleadings we must decline to undertake the task of determining that question. For the reasons stated, the judgment will be reversed and the cause remanded for further proceedings.