No. 28,437.

ANNETTA L. SKAER, *Appellant,* v. G. E. CAPSEY et al., *Appellees.*

(273 Pac. 464.)

384

Opinion filed January 12, 1929.

*C. W. McVickers* and *Arch F. Williams,* both of Wichita, for the appellant.
*William Keith* and *Lester Wilkinson,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J: This is an appeal by plaintiff from an order of the district court setting aside a judgment that had been rendered by default in the same cause against the defendant, G. E. Capsey, about nine months earlier, on the ground that it was void. The action was upon a note, and personal service was had upon all four of the defendants. A copy of the note was attached to the petition as an exhibit. Capsey's name appeared only once on the note, and that was on the back thereof, just above the name of the payee as it appeared on the face of the note.

The allegations of the petition were the usual ones against the maker of the note and perhaps others, but the only allegations as to defendant Capsey, except as to his residence, were as follows:

"Thereafter and before due the said defendants, J. W. LePorin and G. E. Capsey, for a valuable consideration, indorsed said note, sold, transferred and delivered the same to the plaintiff herein; that the plaintiff is the holder of said note in due course and for a valuable consideration; that said note is long past due and unpaid, and said defendants and each of them are indebted to the plaintiff in the sum of $1,610, together with 8 per cent interest from maturity and interest upon defaulting interest."

The journal entry shows personal service of summons on all of the defendants and that they were all in default for answer, demurrer, or other pleading. It further shows that the plaintiff "testified in support of her cause of action and introduced the note sued upon in said cause, together with indorsements thereon, showing signatures of the said defendants and each of them." The journal entry concludes by showing that a personal judgment was rendered against all of the defendants. The defendant Capsey attacks this judgment as void under R. S. 60-3009, because the allegations of

the petition are not sufficient to support the judgment. The trial court sustained this motion and set aside the judgment against defendant Capsey as void, and from this ruling the plaintiff appeals.

At the outset it must be admitted that the petition was demurrable as far as the defendant Capsey was concerned, and appellee urges that because some of the usual allegations were lacking the petition was insufficient to sustain a judgment against Capsey, and that the judgment that was rendered was outside of the issues, citing the case of *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, and others to support that view of the case and the ruling of the trial court in setting aside the judgment. The proceedings in the Gille-Emmons case and the case at bar are very much alike, except that in the former case the pleadings showed no claim of the plaintiff for a personal judgment against Mrs. Emmons or an intention or desire to obtain such. As to her the judgment came within the rule stated in the early case of *John P. Greer v. Daniel M. Adams*, 6 Kan. 203, where it was said:

"A judgment rendered without jurisdiction is void; and a judgment rendered upon a petition not alleging any cause, or pretense of a cause, of action, is void." (p. 206.)

There was no pretense of a cause of action against Mrs. Emmons for a personal judgment in that case. The same could be said in *New v. Smith*, 86 Kan. 1, 119 Pac. 380, where there was rendered an affirmative judgment in favor of the defendant upon an answer amounting to a general denial, instead of dismissing the action when the plaintiff failed to establish his case.

The most recent case cited by appellee on this subject is *Brinkerhoff v. Bank*, 109 Kan. 700, 205 Pac. 779, where it is said in the first paragraph of the syllabus:

"A judgment is only conclusive between parties as to matters substantially in issue and actually litigated, and does not conclude the parties as to everything incidentally brought into the controversy or as to matters immaterial to the subject matter in litigation."

On the face of the pleadings in the case at bar it would appear to be within that rule. Surely the question of the claim against the defendant Capsey was a matter substantially in issue and actually litigated. The petition did state that he, for a valuable consideration, indorsed said note, sold, transferred and delivered the same to the plaintiff, and that he is indebted to the plaintiff. This is more than a pretense of a cause of action. The matter of his

indorsement was substantially in issue, and the journal entry shows evidence was introduced concerning the signatures of the defendants and the indorsements. The defendant was fully advised by the language of the petition that he was being sued as an indorser of the note, notwithstanding some of the usual and proper allegations were omitted. Where a pleading imperfectly shows the matters substantially in issue the failure to plead all the usual and proper allegations in that particular connection is not such a defect in the pleading as to make it insufficient to support a judgment rendered thereon by default, when subsequently attacked as being void. In order to come within the provisions of R. S. 60-3009, so as to be set aside at any time, the judgment must be absolutely void. Want of jurisdiction is the usual reason for holding a judgment void. With a very few exceptions such want of jurisdiction is of two kinds, jurisdiction of the parties and of the subject matter. And generally where the court has jurisdiction of the parties and of the subject matter the judgment is not void, even when rendered by default.

"Where the court has jurisdiction of the parties and the subject matter, a judgment entered by default quieting the title of a party in possession of land under a tax deed void upon its face as a conveyance is not a nullity, and will not be set aside on motion of a defendant filed more than three years afterward." (*Brenholts v. Miller*, 80 Kan. 185, syl., 101 Pac. 998.)

The same rule applies when there are defects, irregularities, or omissions in the pleadings. If there is jurisdiction of the parties and of the subject matter the judgment is not void.

"Where a court has jurisdiction of the subject matter of an action and of the parties, a petition which alleges sufficient facts to challenge the attention of the court as to its merits, and to authorize the court to deliberate and act, is sufficient to sustain a judgment rendered in the action upon evidence, as against a collateral attack on the ground that the judgment is void; and this although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action." (*Wyandotte County v. Investment Co.*, 80 Kan. 492, syl., 103 Pac. 996.)

"A judgment by default upon personal service of summons upon the defendant is as conclusive against him upon every matter admitted by the default as if he had personally appeared and contested the plaintiff's right to recover." (*Miller v. Miller*, 107 Kan. 505, syl. ¶ 2, 192 Pac. 747.)

"When a court having jurisdiction of the subject matter and the parties to an action renders judgment therein, and the party aggrieved thereby fails to effect an appeal within the time and in the manner provided by law, such

judgment is *res judicata* as to all matters necessarily involved in the action and, therefore, presumably considered by the court, save only such propositions appearing in the record as relate to the jurisdiction of the court over the subject matter and parties to the action." (*Manley v. Park,* 62 Kan. 553, syl. ¶ 1, 64 Pac. 28. See, also, *Hodgin v. Barton,* 23 Kan. 740; *Head v. Daniels,* 38 Kan. 1. 15 Pac. 911; *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941; *Carter v. Hyatt,* 76 Kan. 304, 91 Pac. 61; *McPherson v. Martinson,* 115 Kan. 828, 224 Pac. 907; *McLeod v. Hartman,* 123 Kan. 110, 253 Pac. 1094; *In re Hollis,* 124 Kan. 345, 259 Pac. 793.)

"A judgment rendered upon default, where the defendants were duly summoned and the court had acquired jurisdiction of the parties and the subject matter, is binding upon them, and errors, if any were committed, in its decision as to the sufficiency of the pleadings or in its findings upon the facts, must be corrected upon appeal and are not open to collateral review." (*Pattison v. Kansas State Bank,* 121 Kan. 471, syl. ¶ 1, 247 Pac. 643.)

In the last case cited the situation as to parties and the pleading was almost identical with that in this case. It was there held that the attack upon the judgment by motion of the representative of the defendant was a collateral one. But whether a motion filed in the same cause by a defendant to set aside a judgment as void after the time of appeal has passed is a collateral or a direct attack, is not so material or important. The vital question is whether the judgment is void or only voidable, and that is determined by an inspection of the record for jurisdictional defects.

"By the weight of authority, whether a judgment is void or voidable is to be determined from an inspection of the record. If the record discloses the jurisdictional defect, the judgment is void; if it does not, the judgment is merely voidable." (34 C. J. 514.)

We conclude that there are no jurisdictional defects shown in the record in this case and that the judgment rendered therein in favor of the plaintiff and against the defendant Capsey was not void, and should not have been set aside. The ruling of the trial court in setting aside the judgment against the defendant Capsey as void is reversed, and the cause is remanded with instructions to set aside such ruling and reinstate the original judgment.