No. 30,548.

The Bankers Mortgage Company, *Appellant,* v. B. F. Dole et al.,
*Appellees.*

(16 P. 2d 499.)

Opinion
filed December 10, 1932.

*G. F. Grattan,* of McPherson, *N. J. Ward, F. A. Holder, J. A. Fleming,* all
of Topeka, *C. W. Burch, B. I. Litowich* and *La Rue Royce,* all of Salina, for
the appellant.

*W. H. Carpenter, W. R. Carpenter,* both of Marion, and *James A. Cassler,*
of McPherson, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action to foreclose mortgages and liens on
real estate. The trial court made an order directing the plaintiff to
separately state its causes of action and to strike certain matter
from the petition. From that order this appeal is taken.

The first cause of action is in two parts, consisting of paragraphs
one and two. The paragraphs set out the making of a note and
mortgage on real estate located in Marion county by the Doles and
the acquiring of them by appellant. Copies of these instruments
were attached to the petition. There was no allegation of a default.
Had that allegation been in the petition a complete cause of action
would have been set out. This lack may be corrected when the case
goes back for trial. The allegations in these two paragraphs were
treated by the trial court and are viewed by us as one cause of
action, which should have been stated and numbered as such.

Paragraph three of the petition sets out the history of mortgages
and liens on the real estate described in paragraphs one and two,
together with other real estate located just across the line in Mc-
Pherson county. This paragraph refers in detail to certain mort-

gages and liens which were the subject matter of litigation resulting in the decision of this court reported as *Bankers Mortgage Co. v. Dole*, 130 Kan. 367, 286 Pac. 258. Shorn of verbiage, this paragraph states a cause of action for a deficiency judgment in the amount of $2,632.36. The motion to require the appellant to separately state and number was directed first at these two causes of action. The ruling was correct. (See *Miller v. Miller*, 107 Kan. 505, 192 Pac. 727.) Furthermore, it is well settled that an order requiring a plaintiff to separately state and number his causes of action is not such a final order as to be appealable to this court.

The second cause of action is comprised of three paragraphs. Paragraphs one and two set out the execution by the Doles of a note for $13,275 and of a mortgage on certain real estate in Marion county. Except for the lack of an allegation of default these two paragraphs set out a good cause of action on a real-estate mortgage. This was the order of the trial court and we see no error in it.

Paragraph three of the second cause of action sets out by reference all the allegations contained in paragraph three of the first cause of action. It was this matter which the order of the trial court ordered stricken out of the petition. There are circumstances when an order to strike certain matter from the petition is an appealable order. However, since the matter ordered stricken is already in the petition we cannot see where appellant is harmed by having it stricken out where it appears a second time.

The judgment of the district court is affirmed.