No. 33,928

FLOYD M. PATTON, *Appellant*, v. JESSIE E. SARTIN et al., *Appellees.*

(87 P. 2d 589)

Opinion filed March 4, 1939.

*Leonard O. Thomas,* of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action in ejectment to recover land held by defendants under a tax deed. Defendants prevailed, and plaintiff appeals.

The suit involves the title to lot 18, block 4, in Cornell's second subdivision, an addition to Kansas City, Kan. The plaintiff, who acquired title to the property in 1916, left the state in 1920 and did not return until 1936.

In 1929 the board of county commissioners of Wyandotte county brought an action to foreclose a lien for taxes on various parcels of land. Based on a judgment in that action, a sheriff's deed to the lot in question was issued to U. S. Sartin. The defendants claim under Sartin, and it is admitted that Sartin and those claiming under him have been in possession of the property since the date of the sheriff's deed, July 30, 1929.

Findings of fact and conclusions of law were made by the trial court.

Plaintiff contends the sheriff's deed is void because the property in dispute was not described in the petition and therefore the court was without jurisdiction to enter a judgment foreclosing a tax lien on this lot. It is conceded that the original petition was not in the

court files and could not be produced. Plaintiff introduced in evidence a paper which purported to be a carbon copy of the original petition. This paper was endorsed as a "copy" of the petition and stamped as filed February 21, 1929, by the clerk of the district court. Attached to this copy of the petition was a paper marked "schedule" purporting to list the parcels of land under foreclosure. The land in dispute was not listed in this schedule.

Plaintiff argues that this carbon copy of the original petition is a duplicate original, and as lot 18, block 4, above described, was not included therein, the court was without jurisdiction to render judgment foreclosing the tax lien on this property. That a judgment outside the issues is void and may be vacated at any time is well settled. (*Southern Kansas Stage Lines v. Webb*, 141 Kan. 476, 41 P. 2d 1035; *Bowman v. Hazen*, 69 Kan. 682, 77 Pac. 589; *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569.)

It has also been held by this court that a carbon impression of an original letter or bill of lading, written on a typewriter with the same stroke of the keys, is an original, and either impression is primary evidence of the contents of the letter or document in question. (*Glass Co. v. Pierce*, 87 Kan. 548, 125 Pac. 108; *Wilkes v. Coal Co.*, 95 Kan. 493, 148 Pac. 768; *Enright v. Railway Co.*, 96 Kan. 546, 152 Pac. 629; *Ritchie v. Metropolitan Life Ins. Co.*, 145 Kan. 525, 530, 66 P. 2d 622.)

Appellant complains of the ruling of the trial court in admitting secondary evidence as to the contents of the original petition. The rule that a carbon impression of a letter or other document, written on a typewriter with the same stroke of the keys, is a duplicate original and admissible as primary evidence as to the contents of the instrument in question is not without qualifications. In *Enright v. Railway Co.*, supra, it was said: "Where such a copy has been properly identified, is legible, and there is no suggestion of subsequent alteration, or any reason shown why the original would answer the purpose as evidence better, either may be used as primary evidence." (p. 547.)

See, also, *Ritchie v. Metropolitan Life Ins. Co.*, supra.

Upon the question of whether secondary evidence of the contents of the petition was admissible, the trial court was confronted with the necessity of deciding whether or not it had been proved that the carbon copy was in fact a duplicate copy of the original petition filed in the case. In the record before us there is no such proof."

On the other hand, there is convincing proof that the original petition was in fact changed to include the description of the property now in litigation. Therefore, secondary evidence was admissible to show the contents of the original petition. At most, the question of fact as to whether or not the carbon copy was the same as the original was decided by the trial court upon conflicting evidence. This court will not substitute its judgment for that of the trial court upon this question of fact. The fact that the correct description appears in all subsequent papers and documents pertaining to the case, including the sheriff's deed, is strong proof that the original petition was corrected after the carbon impression was made.

Counsel for plaintiff in his brief candidly admits that "the publication notice, the affidavit for publication, the judgment, the order of sale and sheriff's publication thereon, and the sheriff's deed issued pursuant thereto, all in tax suit No. 50, did describe lot 18, block 4, Cornell's 2d subdivision, the property here involved, where descriptions were inserted. It is further admitted that defendant's grantor purchased at the sheriff's sale, and that the sheriff's deed to the property in controversy was issued to such grantors; and that since July 30, 1929, defendant or her grantors have been in open, notorious and peaceful possession of said property, under and by virtue of said sheriff's deed, until the date of filing of this suit."

In addition to these admissions the testimony of the abstracter who compiled an abstract of the lot in question is entitled to much consideration.

The witness U. Grant Gates testified that he had been in the abstract business in Kansas City, Kan., off and on over thirty years; that he was a bonded abstracter; that he prepared page 64 of an abstract to lot 18, block 4 (the lot here involved), and that part of the abstract referring to the sheriff's deed and the supplemental part thereof. The certificate attached was signed by U. Gates. He testified that he obtained the description of the lot contained in the abstract from the original petition in tax suit No. 50.

In deciding the case the trial court found "that the petition filed in tax suit No. 50 correctly described lot 18, block 4, Cornell's second subdivision." In the recent case of *Gilpin v. Burch*, 145 Kan. 224, 65 P. 2d 308, it was held that the findings of the trial court based on conflicting testimony would not be disturbed. We adhere to that ruling. As this conclusion determines the appeal, it is unnecessary to discuss the statute of limitations.

The judgment is affirmed.