No. 42,647

GARNER E. SHRIVER (Substituted) and ELIZABETH S. NAVAS, Trustees of a Trust Fund Created by Louise C. Murdock, Deceased, *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, and H. B. SCOTT, VERNON E. REED, and FLOYD SCHROEDER, as Members of Said Board (Substituted), and EARL NETHERCOT, County Treasurer of Sedgwick County, Kansas (Substituted), *Appellants*.

(370 P. 2d 124)

Opinion filed April 7, 1962.

*Peter F. Caldwell*, of Topeka, Attorney for the Director of Property Valuation of the State of Kansas, argued the cause, and *Ralph E. Gilchrist*, of Wichita, County Counselor for Sedgwick County, and *Lewis C. Carter*, of Topeka, Attorney for the Director of Property Valuation of the State of Kansas, were with him on the briefs for appellants.

*Eugene G. Coombs*, of Wichita, argued the cause, and *J. Edward Taylor, Jr.*, *William H. Dye*, and *Russell N. Barrett*, of Wichita, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal is from the district court's order of March 31, 1961, overruling the defendants' motion to vacate the alleged void portion of a judgment rendered June 7, 1938, and to vacate the alleged void portions of a second judgment entered September 7, 1960, interpreting the effect of the former judgment. The basic question presented is whether an office building owned by the plaintiff testamentary trustees under the will of Louise C. Murdock is exempt from taxation under either Article 11, Section 1 of the constitution of Kansas, or G. S. 1949, 13-1406. The plaintiff appellees concede that if the defendant appellants were not enjoined

from assessing and taxing the building by the 1937 judgment as interpreted and applied to the property by the 1960 judgment, the property is not exempt and should be taxed as other real property.

In 1915 Louise C. Murdock died testate, a resident of the city of Wichita. Her will was duly admitted to probate and the estate was administered and closed according to law. The terms of the decedent's will here pertinent were considered in *Parkinson, Executor v. Murdock*, 183 Kan. 706, 332 P. 2d 273, quoted on pages 706 and 707, and are incorporated herein by reference.

On November 7, 1937, the district court entered an order establishing the trust and as a part of its judgment, found that the beneficial interest therein was vested in the *cestui que* trust, the city of Wichita. It also found that it was unable to reach a satisfactory conclusion whether the property was exempt from taxation, but believed there was sufficient probability of its exemption to justify the trustees in presenting the question for final determination.

The property in controversy and the principal asset of the decedent's estate, is the Caldwell-Murdock office building in downtown Wichita, hereafter referred to as the building. At all times since the trust was vested in the *cestui que* trust, the trustees have operated the property as a commercial office building, renting space therein to commercial tenants, and after paying the necessary costs of operation and maintenance of the building and costs of administration of the trust, they have used the net proceeds for the purpose of purchasing works of art for the Roland P. Murdock Collection, owned by the city of Wichita.

On December 8, 1937, the trustees paid the first half of the 1937 taxes under written protest pursuant to G. S. 1935, 79-2005, and on February 8, 1938, they commenced an action against the then county treasurer and board of county commissioners of Sedgwick County to recover the first half of the 1937 taxes, and to enjoin the defendants from collecting the last half of the taxes due for that year. The protest attached to the petition stated that since the beneficial interest of the trust was vested in the city of Wichita, the taxes must necessarily be paid out of the income of the property and they must be paid by the city, hence, the building was exempt under that portion of G. S. 1935, 13-1406, which reads:

"Lands, buildings, money, debts due the city and all other property and assets belonging to the city shall be exempted from taxation, execution and sale."

The protest further stated the building was exempt from taxation under that portion of Article 11, Section 1 of the constitution of Kansas, which reads:

"All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes . . . shall be exempted from taxation."

It is unnecessary to quote at length from the plaintiffs' petition, but its allegations have been carefully considered and they disclose the fact that no mention was made of any taxes for any year except taxes for 1937 paid under protest in the amount of $2,695.56, and that,

"unless enjoined and restrained the defendants will compel the plaintiffs to pay the tax for the last half of the year 1937 . . . and that plaintiffs will suffer irreparable loss and damage *unless the defendants are enjoined and restrained from collection of the taxes for the last half of the year 1937.*" (Emphasis supplied.)

Relief beyond the taxes for 1937 was not prayed for, and the general prayer was "for such other and further relief as the Court may seem just and proper in the premises and for the costs of the action." The defendants filed no answer, but the parties stipulated to the facts framing the issues for decision, which likewise made no reference to any taxes other than those for the year 1937.

On June 7, 1938, the district court entered its judgment on the petition and stipulation of facts and found "that the property . . . is exempt from taxation and that the prayer of the petition should be granted." The judgment portion of the journal entry restrained the defendants from collecting ad valorem taxes on the property, including the last half of 1937, and directed them to repay the sum of $2,695.56 paid under protest. The court retained jurisdiction of the parties and the cause for the purpose of enforcing the decree.

No appeal was taken from that judgment and the building was removed from the tax rolls for 1938 and remained off until 1959, when it was placed on the rolls and assessed for that year. The plaintiffs paid the first half of the 1959 taxes under written protest pursuant to G. S. 1949, 79-2005, and on January 15, 1960, filed an application for relief from a tax grievance with the board of tax appeals pursuant to G. S. 1949, 79-1701, *et seq.*, as amended. On April 20, 1960, the board heard the plaintiffs' application, and on September 2, 1960, it entered an order finding the building was not exempt from taxation, and denied the application.

On August 17, 1960, and prior to the decision of the board of tax appeals, the plaintiffs filed a motion in the original action commenced in 1938 for an order directing the defendants to (1) refund to the plaintiffs the first half of the 1959 taxes, (2) remove the building from the tax rolls of Sedgwick County on the ground the property was adjudged to be exempt from taxation as shown by the judgment entered on June 7, 1938, and (3) require the defendants to show cause why they should not be held in contempt of the court for failure to abide by and carry out the 1938 judgment.

On September 7, 1960, the district court sustained parts 1 and 2 of the motion, and found that the judgment rendered June 7, 1938, finding the building exempt from taxation and restraining the defendants from collecting ad valorem taxes on the property had never been appealed from, modified or reversed and that it was final and binding on all parties on that date and continued to be so long thereafter as the property retained its present status and ownership. The defendants were directed to refund the first half of the 1959 taxes in the amount of $5,737.80; to immediately remove the building from the tax rolls of Sedgwick County, and they were restrained from placing it on the tax rolls until the further order of the court. Part 3 of the motion was overruled. (The defendants appealed to this court from that judgment, case No. 42,376, but the appeal was dismissed on March 4, 1961, upon motion of the defendants.)

Thereafter, and on September 20, 1960, the defendants filed a motion in the 1938 action to vacate the void portion of the 1938 judgment and the void portions of the 1960 judgment. The motion alleged that the 1938 judgment, as construed and applied by the district court in its 1960 judgment, was outside the issues raised by the pleadings and the evidence; that the court was without jurisdiction in that action to enjoin the collection of taxes for the years subsequent to 1937 since no issue was there raised concerning subsequent taxes, and that the portion of the judgment which purported to enjoin the defendants from collecting taxes for years subsequent to 1937 was void, and *Beach, Treas., v. Shoenmaker, Trustee,* 18 Kan. 147 was cited and relied upon. The motion further alleged that the 1960 judgment was void and of no effect for the reason that the district court had no authority to entertain in the original action, the plaintiffs' motion filed August 17, 1960, for a refund of the first half of 1959 taxes and to remove the building from the

tax rolls. It also alleged that the plaintiffs, having made application to the board of tax appeals for relief from a tax grievance, were precluded by the express provisions of G. S. 1949, 79-2005 from bringing any action in any court for the recovery of any taxes paid under protest until that board had made its order, and that if plaintiffs then sought to have the validity of such order judicially determined, they were required to commence a new action in the district court within 30 days *after* the date the board mailed its order to the plaintiffs.

The plaintiffs answered and denied that neither the 1938 nor the 1960 judgments were void; they alleged that the defendants were estopped from denying the validity of any portion of the judgments, or the jurisdiction of the court in rendering them; that the court had jurisdiction to enter the judgments and they were *res judicata* as to the parties to the action and particularly to the defendants; that the defendants acquiesced in the 1960 judgment by refunding the first half of the 1959 taxes plus interest to one of the plaintiffs herein; that the order of the board of tax appeals was void because it was not rendered within 90 days from the date of the hearing on April 20, 1960, as required by G. S. 1949, 79-2005, and that the defendants, in failing to appeal from the 1938 judgment, in paying the costs of the action, and having removed the building from the tax rolls from 1937 to 1958, inclusive, consented to the judgment and are now estopped from claiming the building is not exempt.

On March 31, 1961, the matter was heard and both parties introduced documentary evidence. At the conclusion of the hearing, the court made findings of fact and conclusions of law and overruled the defendants' motion to vacate the claimed void portions of the two judgments. The appeal is from that order.

Did the district court have jurisdiction on June 7, 1938, to enjoin the collection of taxes against the trust property for years subsequent to the year 1937? We think it did not. It is well settled that courts have jurisdiction to decide only such issues as are raised by the pleadings and a judgment which goes beyond such issues is void (*Miller v. Miller,* 107 Kan. 505, Syl. ¶ 2, 192 Pac. 747; *Brinkerhoff v. Bank,* 109 Kan. 700, 205 Pac. 779; *Skaer v. Capsey,* 127 Kan. 383, 386, 273 Pac. 464; *State Reserve Bank v. Daniels,* 142 Kan. 694, 697, 51 P. 2d 1009; *Patton v. Sartin,* 149 Kan. 299, 300, 87 P. 2d 589; *Penn Mutual Life Ins. Co. v. Tittel,* 153 Kan. 530, 111 P. 2d 1116). In *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569, it was held:

"A judgment entirely outside the issues in the case and upon a matter not

submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant." (Syl. ¶ 1.)

In the opinion it was said:

". . . The mere fact that jurisdiction of the person was obtained by the court, did not give it unlimited power to adjudge any and every matter in which the parties to the action might be concerned. A court cannot determine matters not brought to its attention by some method known to the law, nor give effective judgment upon a cause or subject-matter not brought within the scope of its judicial power. *Although it may have jurisdiction in the class of cases to which a cause belongs, it cannot exercise its power until it is invoked by the parties; and if it goes outside of the issues and adjudicates a question not submitted for its decision the judgment is without force."* (l. c. 120.) (Emphasis supplied.)

We do not ascribe to the 1938 judgment the sweeping effect accorded it by the district court in 1960. On the face of the record, the judgment falls within the foregoing rule. The petition in that action made no reference to any taxes other than those for the year 1937, nor was any claim made for exemption for subsequent years in either the stipulation of facts or in the written protest. Thus, the only issue before the district court to adjudicate was the question of exemption from taxation for the year 1937. Jurisdiction may be defined as the power of a court to adjudicate concerning the subject matter in a particular case. (*In re Estate of Johnson,* 180 Kan. 740, 746, 308 P. 2d 100.) To acquire jurisdiction three essentials are necessary: *First,* the court must have general jurisdiction of the class of cases to which the one to be adjudged belongs; *second,* proper service of summons must be had upon the defendant or he voluntarily enters his appearance in the case, and *third,* the point decided must be, in substance and effect, within the issues framed by the pleadings and, as here, in the stipulation of facts and the written protest. (*Sheridan County Comm'rs v. Acre,* 160 Kan. 278, 284, 285, 160 P. 2d 250.) The first and second elements were present. The court had jurisdiction of the question whether the property was exempt from taxation under the constitution and statutes of this state, and the defendants were properly in court. But the third element, the point to be decided within the issues framed, presented *only* the question of exemption from taxation for the year 1937, hence a judgment purporting to enjoin the defendants from the collection of taxes for all years subsequent to 1937 was entirely outside the issue of the case. As construed by the court in 1960, the 1938 judgment permanently enjoined the defendants, not only from collecting taxes against the property for the year 1937,

*but forever thereafter.* To that extent the judgment went beyond the issue framed, and was void.

The foregoing conclusion is strongly supported by the early case of *Beach, Treas., v. Shoenmaker, Trustee,* supra. There an owner of a tract of land obtained a permanent injunction enjoining the county treasurer and his successors in office from selling certain land for the taxes for 1868, or any taxes that might thereafter be assessed. No appeal was taken to reverse the judgment. More than three years thereafter a successor filed a motion to vacate and set aside the judgment or so much as purported to restrain any sale for taxes for the years subsequent to 1868, which was overruled. In reversing the district court, Mr. Justice Brewer said:

"An examination of the petition discloses the fact, that in it there is no reference to any other taxes than those of 1868, no claim for relief based upon other than a present use of the property for religious, charitable, educational and benevolent purposes, and no prayer for relief beyond the taxes of 1868, except the general prayer 'for such other and further relief in the premises as may be just and proper.' In other words, while the only matter presented in the pleadings was the taxes of 1868, and the only party defendant the then acting treasurer of the county, the court by its decree attempted to bind the county, and all municipal authorities, forever, and as to all subsequent taxes. We think the decree was, as to everything except the taxes of 1868, void, and that it should have been set aside by the court upon the motion filed. . . ." (l. c. 148, 149.)

Although the motion to vacate the 1938 judgment was not made until more than 21 years after it was rendered, the court was not hampered by that limitation of time. Our statute (G. S. 1949, 60-3009) relating to proceedings for the vacation and modification of judgments provides that "a void judgment may be vacated at any time on motion of a party or any party affected thereby." See *Beach, Treas., v. Shoenmaker, Trustee,* supra; *Hanson v. Wolcott,* 19 Kan. 207; *Penn Mutual Life Ins. Co. v. Tittel,* supra, and *Patton v. Sartin,* supra.

In view of the conclusion just announced, little more need be said concerning the validity of the 1960 judgment. No new issue was tendered by the plaintiffs' motion of August 1960; it merely attempted to invoke the jurisdiction of the court to enforce the former judgment. As we have seen, the 1938 judgment was void for want of jurisdiction insofar as it purported to enjoin the collection of taxes for the years subsequent to 1937, and the motion of the plaintiffs to enforce it could not confer jurisdiction, or make that portion of the judgment valid.

But another and compelling reason exists why the 1960 judgment is void. The constitution of Kansas does not prescribe the method of levy, assessment and collection of taxes, or of determining whether property is exempt; those matters are wholly statutory, and whatever remedies or procedures are available in connection therewith are to be found in the statutes. (*Sherman County Comm'rs v. Alden,* 158 Kan. 487, Syl. ¶ 1, 148, P. 2d 509, and cases cited therein; *Phillips Petroleum Co. v. Moore,* 179 Kan. 482, 490, 491, 297 P. 2d 183.) When the plaintiffs invoked G. S. 1949, 79-2005 to pay the first half of the 1959 taxes under protest, they were bound by all its provisions. Had they wished to seek a judgment of the district court to recover the first half of the 1959 taxes, they should have filed an original action for that purpose within 30 days after payment under protest, or, as they did, make application to the board of tax appeals to determine the validity of their tax protest. If the board denied their application, they were entitled to file an original action in the district court to determine the validity of the order within 30 days after the same was mailed by the board. (G. S. 1949, 70-2005; *Sinclair Pipe Line Co. v. State Commission of Revenue & Taxation,* 181 Kan. 310, 312, 311 P. 2d 342.) However, after submitting their application to the board of tax appeals and before it had entered its order, the plaintiffs filed their motion in the district court in the 1938 action to recover the first half of the 1959 protested taxes. The procedure did not comply with the provisions of the statute (G. S. 1949, 79-2005), and the district court had no jurisdiction to sustain the motion or to order a refund of the protested taxes. The pertinent portion of the statute reads:

". . . No action shall be brought or maintainable in any court for the recovery of any taxes paid under protest unless the same is commenced within thirty days after the filing of such protest with the county treasurer, or, in case application shall have been filed with the commission as hereinbefore set out, unless the same is commenced within thirty days after the date the commission mailed its order on such protest to the taxpayer. . . ."

The plaintiffs argue, however, that the order of the board of tax appeals made on September 2, 1960, was void because it was not made within 90 days from the date of the hearing as required by G. S. 1949, 79-2005. The point is not well taken. While the board should at all times comply with the statute in considering a taxpayer's application for relief from a tax grievance, the time in which the board should enter its order is directory rather than mandatory, and when made beyond the 90-day period it is not void for that

reason. Generally speaking, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. See discussion on mandatory and directory legislation in *Board of Education v. Barrett*, 101 Kan. 568, 570, 167 Pac. 1068; *City of Hutchinson v. Ryan*, 154 Kan. 751, 121 P. 2d 179, and *School District v. Clark County Comm'rs*, 155 Kan. 636, 638, 639, 127 P. 2d 418.

As we have seen, the 1938 and 1960 judgments were void, and a void judgment does not form the basis for the defense of *res judicata*. Nor do we agree with the plaintiffs' argument that the defendants acquiesced in the 1960 judgment by refunding the first half of the 1959 taxes. While the county treasurer did issue his check in the amount of $5,836.52 as a refund of the first half of the 1959 taxes plus interest, payment thereon was stopped. Likewise there is no merit in the argument that the defendants are estopped to deny the validity of the 1938 judgment as having acquiesced therein by removing the building from the tax rolls from 1937 to 1958, inclusive. Rights of the character here asserted by the county are not lost by estoppel (*State, ex rel. v. Berk*, 129 Kan. 645, 649, 284 Pac. 386), or by the unauthorized acts or representations of its officers (*Douglas County v. City of Lawrence*, 102 Kan. 656, 171 Pac. 610). See, also, *Construction Co. v. Sedgwick County*, 100 Kan. 394, 164 Pac. 281 and *Kucera v. State*, 160 Kan. 624, 627, 164 P. 2d 115. In matters relating to the public welfare, taxation, or any exercise of the police powers, the state or one of its political subdivisions is not estopped to assert or protect public rights (*City of Hutchinson v. White*, 117 Kan. 622, 625, 233 Pac. 508).

The building has only a commercial use, which the plaintiffs concede. Under our many decisions that use did not exempt the building from taxation under either Article 11, Section 1 of the constitution of Kansas, or under G. S. 1949, 13-1406. See *Kansas State Teachers Ass'n v. Cushman*, 186 Kan. 489, 351 P. 2d 19, and cases cited.

The district court erred on March 31, 1961, in overruling the defendants' motion to vacate the void portion of the judgment en-

tered on June 7, 1938, and the void judgment entered September 7, 1960.

The judgment is reversed.

WERTZ, J., not participating.