No. 43,596

R. C. Green, *Appellant*, v. Hubert Kensinger, *Appellee*.

(392 P. 2d 122)

Opinion
filed May 9, 1964.

W. H. *Coutts, III,* of El Dorado, argued the cause, and W. H. *Coutts, Jr.,* of El Dorado, was with him on the briefs for the appellant.

T. D. *Hampson,* of Fredonia, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The plaintiff, R. C. Green, has appealed from a judgment rendered against him in an action to recover money allegedly loaned to the defendant, Hubert Kensinger. Plaintiff's petition contained two counts, the first alleging that in February, 1958, the parties entered into an oral agreement whereby plaintiff loaned defendant the sum of $6,666.60 by personal check; that defendant agreed to pay the same with interest, on demand; and that demand was made and payment refused. The check itself was payable to Arthur E. Freeman, but defendant admitted at the trial that it was applied to the payment of a trust deed on his own apartment property.

The second count alleged a subsequent similar oral agreement in which the plaintiff loaned $1,700.00 to the defendant, which the

defendant agreed to repay with interest, on demand; and that demand was made and refused. The defendant conceded at the trial that this check was credited to his account at a Fredonia bank.

An answer was filed by the defendant generally denying all allegations except the residence and addresses of the parties. The answer further contained an allegation that plaintiff's claim is barred by the statute of limitations. The defense of the statute of limitations was apparently resolved in plaintiff's favor, as indicated in his brief, and no question concerning it is presented in this appeal.

The defendant also filed a cross petition alleging, in effect, that he and the plaintiff had been engaged, as partners, in the business of buying and selling.trust deeds, in the operation of which business each partner was to maintain a trust deed account in his own name for the benefit of the partnership, and that upon request of either partner the accounts would be equalized and the profits, after equalization, divided equally. The defendant further alleged that he believed the plaintiff was indebted to him in excess of $12,000.00 and prayed for an accounting and for judgment for such amount as was shown due him. In a second count, the defendant sought to recover for damages sustained by his Thunderbird car while the same was in plaintiff's possession.

On the day of trial, the defendant orally moved to dismiss his cross petition. This motion was sustained and the case then proceeded to trial to the court on the petition and the answer. During trial the defendant was permitted, over plaintiff's objections, to introduce documentary and other evidence which tended to show an arrangement between the parties for the purchase and sale of trust deeds, with profits to be equally divided, and that the two checks in question were given to equalize the partners' accounts. In admitting such evidence, the trial court stated:

"I am going to receive it. Objection overruled. I might state for the benefit of counsel of both sides, as I understand the issues here is whether or not the two transactions in the two causes of action were loans from the plaintiff to the defendant. I think it is required that the court admit and hear whatever evidence may be bearing upon that question, and unless someone can convince me to the contrary, when I consider this evidence, it will be solely with that in mind, and if this case were being tried to a jury, I would contemplate so instructing the jury. . . ."

At the conclusion of the trial, the following findings of fact and conclusions of law were entered by the court:

"FINDINGS OF FACT.

"1. At all times here material both parties were residents of the State of California.

"2. Sometime in the year 1957 plaintiff and defendant became associated in the business of buying and selling trust deeds. Such association continued during all the times material to this controversy. Each party deposited approximately $40,000.00 in cash or securities to his individual credit in the State Bank of Fredonia, at Fredonia, Kansas. Neither had authority to draw on the other's credit. Plaintiff did assert the right to exercise dominion over defendant's account by objecting to expenditures out of that account and defendant did satisfy plaintiff's objections. The business records were kept by defendant's wife and plaintiff directed the manner in which they should be kept; plaintiff saw the records regularly and at least some of them bore the heading 'Kensinger-Green.' The parties had printed and used, business cards reading 'Kensinger & Green'. Some of the transactions were consummated in plaintiff's name and some in defendant's. The parties jointly executed promissory notes connected with the business and they jointly guaranteed the trust deeds which they sold. No partnership tax return was ever filed by defendant, but there was an agreement that plaintiff and defendant would each report on his own income tax return one half of the other's trust deed income.

"3. Plaintiff has failed to establish by a preponderance of the evidence that the two transactions sued upon constituted loans from plaintiff to defendant. Those transactions were a part and parcel of the business of buying and selling trust deeds.

"4. There has never been any accounting between plaintiff and defendant.

"CONCLUSIONS OF LAW.

"1. At all times herein material plaintiff and defendant were partners.

"2. This is not a suit for an accounting, and in the absence of an accounting the court cannot determine whether one partner is indebted to the other.

"3. Questions pertaining to the applicability of statutes of limitation, whether they be Kansas or California statutes, are moot.

"4. Plaintiff is denied any relief and judgment will be entered against the plaintiff for costs."

Motions to set aside the findings of fact and conclusions of law and to obtain a new trial were filed by plaintiff and, upon their being overruled, this appeal followed.

Three main contentions are advanced and argued by plaintiff on this appeal: First, that error was committed in admitting evidence concerning the alleged partnership and the transactions had in connection therewith, Second, that the findings of fact are inadequate and the conclusions of law erroneous and insufficient and,

Third, that the trial court erred in not decreeing an accounting of the affairs of the partnership found to exist. These claims will be considered in order.

It is true that after the defendant withdrew his cross petition, there no longer remained any positive allegations of partnership. However, under the defendant's answer which denied the allegations of the plaintiff's petition, any competent evidence tending to negate or refute the cause of action alleged would be admissible.

In 41 Am. Jur., Pleading, § 366, pp. 541, 542, the rule is stated:

"A general denial puts in issue every material allegation of the complaint, except those admitted. It goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his case. Any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial, including facts independent of those averred in the complaint, of an affirmative character, but which have a negative effect upon the issues. . . ."

Although receipt of the two checks is not disputed by the defendant, he does contend they do not evidence loans of money to him. His contention is, very simply, that the transactions evidenced by the checks were not loans, but were payments to him of funds due him to equalize his partnership account. Evidence to substantiate such a claim would clearly negative a cause of action to recover for money loaned.

The plaintiff cannot successfully maintain that defendant's evidence was in the nature of confession and avoidance, and thus admissible only under such a plea. In 41 Am. Jur., Pleading, § 158, p. 403, it is stated:

"A plea of confession and avoidance, as its name implies, admits the cause of action alleged by the plaintiff and sets up some matter in avoidance of the same. . . . The element of confession in such a plea is as essential as that in avoidance. . . ."

The evidence to which plaintiff makes objection did not admit, inferentially or otherwise, that plaintiff had loaned the defendant money or that the defendant was in anywise indebted to plaintiff for money borrowed. Quite to the contrary, the evidence offered met head-on the question of whether plaintiff had loaned the defendant money, rather than showing a reason for evading repayment of loans admittedly received. We believe the trial court's ruling to such effect was correct.

No good purpose would be served by summarizing here the quite voluminous evidence introduced at the trial. It is sufficient to say

that from the appellant's own abstract it appears there was evidence to the effect that the checks involved in this action were given in the course of partnership business to equalize partnership accounts. Although that evidence was contradicted, it has long been the established rule that where findings are supported by substantial competent evidence they will not be disturbed on appeal. (See *Dennis v. Smith,* 186 Kan. 539, 352 P. 2d 405, and cases therein cited.) The evidence not only provides a basis for the findings of fact, but the findings themselves support the court's judgment.

The court's second conclusion of law, which is the one primarily challenged by the plaintiff, reads as follows: "This is not a suit for an accounting, and in the absence of an accounting the court cannot determine whether one partner is indebted to the other." A major portion of the brief submitted by plaintiff is devoted to the court's failure, in the face of that finding, to direct an accounting of the partnership business which was found to exist.

However, this action was brought for the recovery of money had and received by the defendant pursuant to an agreement on his part to repay the same. Issue was joined by a general denial and the case proceeded to trial on the single legal issue thus presented. At no time during the trial did plaintiff seek to expand his cause of action or to invoke the court's equitable power to proceed with an accounting. At all times he strenuously and consistently objected to the introduction of any evidence which savored of partnership dealings or business. Nor did the defendant, after having withdrawn his cross petition, inject the issue of accounting into the case. Thus, neither party attempted to invoke the jurisdiction of the court to decree an accounting or endeavored to bring such matter to the court's attention, even though they might have been in position to do so.

Under these circumstances, it appears that the judgment entered by the trial court was not only squarely within the sole issue presented both by the pleadings and by the parties themselves during trial, but that it was the only decision which the court could properly render under that issue. In *Shriver v. Board of County Commissioners,* 189 Kan. 548, 370 P. 2d 124, this court said:

". . . It is well settled that courts have jurisdiction to decide only such issues as are raised by the pleadings and a judgment which goes beyond such issues is void (*Miller v. Miller,* 107 Kan. 505, Syl. ¶ 2, 192 Pac. 747; *Brinkerhoff v. Bank,* 109 Kan. 700, 205 Pac. 779; *Skaer v. Capsey,* 127 Kan. 383, 386,

273 Pac. 464; *State Reserve Bank v. Daniels,* 142 Kan. 694, 697, 51 P. 2d 1009; *Patton v. Sartin,* 149 Kan. 299, 300, 87 P. 2d 589; *Penn Mutual Life Ins. Co. v. Tittel,* 153 Kan. 530, 111 P. 2d 1116). In *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569, it was held:

"'A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant.' (Syl. ¶ 1.)

"In the opinion it was said:

"'. . . The mere fact that jurisdiction of the person was obtained by the court, did not give it unlimited power to adjudge any and every matter in which the parties to the action might be concerned. A court cannot determine matters not brought to its attention by some method known to the law, nor give effective judgment upon a cause or subject-matter not brought within the scope of its judicial power. *Although it may have jurisdiction in the class of cases to which a cause belongs, it cannot exercise its power until it is invoked by the parties; and if it goes outside of the issues and adjudicates a question not submitted for its decision the judgment is without force.'* (l. c. 120.) (Emphasis supplied.)" (pp. 552, 553.)

Failure of the court to decree an accounting was not included as a ground for a new trial in plaintiff's motion therefor, nor does the record disclose that it was presented upon argument of the motion. No amendment of his pleadings to include a request for an accounting was ever sought by plaintiff. It appears that the attention of the trial court was never directed to this question either during or subsequent to trial, and that plaintiff raises the point for the first time in this appeal.

It is now too late for plaintiff to change his stance. A litigant is bound by the theory on which his case was submitted to the trial court. (*In re Estate of Brown,* 189 Kan. 193, 368 P. 2d 27.) This court on appeal will not consider a case on a theory other than that adopted by the parties in the court below. (*Potwin State Bank v. Ward,* 183 Kan. 475, 327 P. 2d 1091; *Anderson v. Thomas,* 184 Kan. 240, 336 P. 2d 821.)

It was held in *Insurance Co. v. Baer,* 94 Kan. 777, 147 Pac. 840. that an issue not relied upon in the trial court will not be considered as an issue on appeal, and in the opinion is was stated:

"'. . . In *Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244, this court said: "'Unless the record shows that the matter was specifically and unequivocably brought to the attention of the trial court while it had possession of the case and power to dispose of it as justice required, this court will regard the issue as abandoned. . . .'" (p. 781.)

In *Collins v. Morris,* 97 Kan. 264, 155 Pac. 51, this court had under consideration the effect of failure on appellant's part to include

in his motion for new trial rulings of the court below on which error was predicated. On this point the court said:

"There is nothing in the motion challenging the attention of the trial court to the principal claim now raised in this court, that incompetent or immaterial testimony in favor of defendant was admitted over the plaintiff's objections. The purpose of a motion for a new trial is to inform the trial court what errors are relied upon, in order that the cout may, by granting a new trial, correct any error shown to exist. It would not be fair to the other litigant, nor fair to the trial court, nor to this court, if a defeated litigant were permitted to secure the reversal of a judgment on grounds not presented to the court below. . . ." (p. 266.)

We have not failed to note plaintiff's conjecture that should the trial court's position be sustained, a subsequent accounting action between these parties may be barred under the rule of *res judicata*. It may well be that the doctrine can be invoked as to the fact of partnership, for that issue became directly involved during the trial. The rule is not applicable, however, to every issue incidentally touched or commented upon in a prior action. In *Brinkerhoff v. Bank*, supra, this court has said:

". . . It is not enough to bind the parties that a matter was touched upon incidentally. To work an estoppel the judgment must fairly have covered the point. It has been said:

" 'For estoppel by judgment results from a matter having been directly and substantially in issue in a former suit, and having been heard and finally decided.' (Caspersz on Estoppel, 4th ed., 472.)" (p. 705.)

And in *Columbian Title and Trust Co. v. City of Tribune*, 133 Kan. 51, 298 Pac. 798, the court has held that matters which have been expressly reserved or excepted from a judgment are not *res judicata* in a subsequent action. The stituation here would seem analogous.

Other matters raised by the appellant have been considered and found insufficient to affect the conclusions above reached.

The judgment of the trial court is affirmed.